## GOW ET AL v. TIDRICK.

1. **Tax Sale:** STATEMENT OF TREASURER: MISTAKE. The fact that defendant's agent, sent to purchase a certain tract of land at tax sale, was informed by the treasurer through mistake that the taxes upon the land had been paid, was *held* not to avail defendant to defeat a tax title acquired by another to the land, where the defendant afterward purchased the land from the patent owner with knowledge of the tax sale, and before the expiration of the time for redemption therefor.

*Appeal from Adair District Court.*

FRIDAY, APRIL 19.

THE plaintiffs allege that they are the owners in fee simple and entitled to the possession of an eighty acres of wild,

uncultivated land, described in the petition, under a tax deed. executed on the 23d day of November, 1874, pursuant to a sale had on the 21st day of November, 1871, for the delinquent taxes of 1871, and that the defendant makes some claim to the real estate in question adverse to the title of plaintiffs.

The defendant alleges that he is the owner of the land in fee simple; that the tax sale is void because of an unlawful combination between the bidders, and that the defendant was prevented from paying the taxes for which the land was sold, and from bidding at such sale, by the representation of the treasurer that the land would not be sold—that the taxes were paid.

The court found that the plaintiffs are the absolute owners of the land in question, and decreed that their title be confirmed, and that they be put in possession.

The defendant appeals.

*Brown & Dudley*, for appellant.

*Geo. L. Gow*, for appellees.

DAY, J.—I. No motion for trial on written evidence was made as contemplated in sec. 2742 of the Code. The cause is not, therefore, as has been settled by repeated decisions of this court, triable *de novo*. It can be reviewed only on errors duly assigned.

II. The allegation that there was a fraudulent combination amongst the bidders is not established by the proof. Even if we were to try this question *de novo*, we should, upon the evidence, be obliged to find as did the court below. A *fortiori* can we not disturb the court's finding, reviewed as in a law action, with the same presumptions in its favor as pertain respecting the verdict of a jury?

III. The defendant never offered nor proposed to pay the taxes for the year 1870. The sale was made on the 21st day of

Gow v. Tidrick.

1. TAX sale: statement of treasurer: mistake.

November, 1871. Defendant did not acquire title to the land till January 5, 1872. Defendant employed an agent to bid in the lands for him at the tax sale. It is claimed that the treasurer told the agent that the taxes had been paid, and refused to offer the land for sale. Defendant claims this was a fraud upon him, which vitiates the sale. We cannot see upon what principle defendant can claim that plaintiffs' tax title should be set aside, simply because defendant was not permitted to acquire a tax title to the land himself. It does not appear that the statement of the treasurer was fraudulent. The most that can be claimed for it is, that it was made under an honest mistake. In December, 1871, defendant was informed of the sale to plaintiffs. After he bought the land he had ample time to redeem from the tax sale. Failing to do so, he is without any standing in a court of equity, and is not entitled to any relief.

IV. It is urged that the court erred in not giving defendant judgment for the amount of taxes paid by him during the time following the sale, and before the tax deed was executed. No claim was made for such taxes in the court below. The defendant, in his answer and cross-bill, does not even allege that he paid such taxes. It does not appear that the question was passed upon at all in the lower court. It cannot, therefore, be considered here. We have considered the errors presented, notwithstanding the great doubt as to whether they were filed in time to be entitled to examination. We have waived this question, because, on the merits, the decision is right.

AFFIRMED.