**183 P.2d 615**

**DAVIES v. RAYBURN et al.**

**No. 5029.**

Supreme Court of New Mexico.

July 23, 1947.

Rehearing Denied Aug. 25, 1947.

J. Lewis Clark, of Estancia, for appellant.

Fred H. Ayers and F. Ernest Ayers, both of Estancia, for appellee F. C. Bowden.

McGHEE, Justice.

The appellant, plaintiff below, seeks a reversal of a decree that she had lost title to the tract of land which is the subject of this action on account of its sale for taxes to the appellee Bowden and in quieting his title on a cross-complaint.

The appellant in practical effect attacks the findings of fact of the trial court, but she has not complied with Sec. 6 of Rule 15 by stating the substance of all evidence bearing upon the proposition, and we therefore accept such findings. Alamogordo Improvement Co. v. Prendergast, 45 N.M. 40, 109 P.2d 254.

When the appellant went to pay her taxes on the tract in 1935 she made inquiry as to its prior assessment and was told by the treasurer that it was not assessed prior to 1935, when it had in fact been assessed for prior years in School District 6 instead of in District 15, where it was situated. Although she knew the land was assessable for prior years she did not request that it be assessed. At a tax sale held December 6, 1934, the land was sold for taxes and a deed therefor issued to the state. Shortly after she had been told the land was not assessed prior to 1935 she was told of the mistake and that the land had been sold to the state. Several months after she had such knowledge the land was sold by the Tax Commission to the defendant Bowden.

In State ex rel. McFann v. Hately, 34 N. M. 86, 278 P. 206, we held that a redemption can not be prevented by the fault or mistake of the collecting officer whose duty it is to furnish the taxpayer the requisite information, and we have followed this case in

numerous decisions since that time and protected the taxpayer who failed to pay delinquent taxes because of a mistake by the collecting officer. In Scudder v. Hart, 45 N.M. 76, 110 P.2d 536, we protected a mortgagee where such a mistake had been made even though the owner had been advised of the mistake in time to effect a redemption, but in this case it is clearly indicated that had the mortgagee also been advised of the mistake, relief would have been denied him. In that case we quoted with approval the first part of 61 C.J. 1290, Sec. 1794, to the effect that a landowner seeking to redeem his property but failing to do so because of erroneous information given him by the collecting officer would be protected. In the latter part of this same section we find: "To enable the owner to claim the right to redeem on this ground, however, it must appear that the fault or mistake was exclusively that of the officer, unmixed with any mistake or negligence on the part of the owner himself * * *."

See also Gow v. Tidrick, 48 Iowa 284, where it is held that the fact that the treasurer, honestly mistaken, told the defendant, a prospective bidder at a tax sale, that the taxes had been paid and the land would not be sold, is not ground for setting aside a subsequent tax sale where the party complaining having been informed thereof, bought the fee but did not redeem from the tax sale, although he had ample time to do so.

In this case the appellant was advised of the mistake and of the fact that her land had been sold to the state for delinquent taxes and although she had ample time in which to redeem it she failed to do so.

She has lost her land as the result of her own negligence, and the judgment will be affirmed. It is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.