244 P.2d 129

**REDMAN v. WALTERS et al.**

**No. 5433.**

Supreme Court of New Mexico.

May 14, 1952.

Rehearing Denied June 2, 1952.

Donald Brown, Roswell, for appellant.

Hervey, Dow & Hinkle and William C. Schauer, all of Roswell, for appellees.

McGHEE, Justice.

This appeal presents a new application of the overworked doctrine of "constructive fraud" on the part of a county treasurer which defeated the attempt of the plaintiff to quiet title to property covered by a tax deed. Such doctrine was first applied by this court in Scudder v. Hart, 45 N.M. 76, 110 P.2d 536, and it has since developed into the favorite defense of those who have permitted their property to be sold for taxes.

The legal description of the property here involved is the west half of the southwest quarter of section 23, township 7 south of range 29 east, in Chaves County.

The trial court made 26 findings of fact, most of which are but recitals of evidentiary facts relating to happenings after the time for redemption had expired. When we sift the wheat from the chaff we have the following material facts:

1. On October 14, 1929, Ulysses G. Brown, patentee, joined by his wife,

through error conveyed to their daughter, Emily Walters, and her husband, Otho P. Walters, defendants below, the east half of the southeast quarter of section 22, township 7 south of range 29 east, in Chaves County, instead of the land involved in this case which they intended to convey by such deed.

2. The land in section 22 had actually been theretofore conveyed by its owner, Brown, to another.

3. After receiving the October 14, 1929, deed, Walters regularly rendered the land involved in this litigation for taxation, and paid all taxes as they became due from 1929 to 1940, inclusive, but did not pay the taxes for the year 1941.

4. Walters learned of the mistake in the description of the land in 1942 and wrote to the County Treasurer of Chaves County for a correction of the description, as he testified at the trial. On October 28, 1942, the treasurer answered his letter as follows:

"Otho Walters
Robinson, Illinois
Dear Sir:

"I have been intending to write to you for the last week but was unable to get around to it on account of the rush of business. I checked your deed in the County Clerk's Office and I found that you did have a deed to the E½SE¼ of Sec. 22 in Twp. 7 South Range 29 East but the catch is that Mr. Ulysses G. Brown in June of 1910 had given a deed to this same parcel of land to one Arthur A. Correll who in turn deeded it to a man by the name of Redman and he in turn deeded it to his son C. C. Redman who still owns it.

"It may be that Mr. Brown also owned the W½SW¼ of Sec. 23 and intended to deed this to you; I don't know as there is no record of Mr. Brown ever owning any of this land and if he did which is quite possible he didn't ever record a deed or patent.

"Under the circumstances I wouldn't pay any more taxes unless you can get hold of Mr. Brown and get him to correct your deed. The deed you have is worthless as one given twenty years prior would hold.

"Sincerely yours,
"Julius Skinner
"Treasurer of Chaves County
"P.S. Don't ask me how you came to be assessed with the W½SW¼ of Sec. 23, as I don't know but it has been assessed that way ever since you bought the land from Brown."

5. On January 22, 1943, the plaintiff, C. C. Redman, Jr., purchased a tax sale certificate under a sale of the land here involved for delinquent 1941 taxes, and as the property was not redeemed from such sale, he received a tax deed therefor from the county treasurer, which was seasonably

recorded in the office of the County Clerk of Chaves County.

6. Notwithstanding the information and suggestions made by the treasurer in his letter copied above, the defendants Walters made no attempt to secure a correction deed from Brown, who to their knowledge, lived near their home town, until in the year 1945, after the period of redemption had expired, when one was secured upon request therefor.

The only thing the defendants Walters can lean upon for support of the trial court's determination that the treasurer was guilty of constructive fraud is the last paragraph of the letter reading:

"Under the circumstances I wouldn't pay any more taxes unless you can get hold of Mr. Brown and get him to correct your deed. The deed you have is worthless as one given twenty years prior would hold."

The treasurer, as an accommodation, went out of his way to search the deed records in the office of the county clerk in whose office deeds are recorded in New Mexico, and then advised Walters his deed covered an entirely different tract of land from the one on which he had been paying taxes, and that he had no title to the land involved here; and stated, in effect, if he were in the position Walters found himself, he, the treasurer, would not pay any more taxes until he got a deed to the land. This reads

to us as sound advice, and it is unfortunate for Walters and his wife they did not heed the admonition to get a correction deed. Instead, they waited three years to ask their close relative, Brown, for such deed, and in the meantime the property they thought they had purchased and on which they had paid all taxes, except those for 1941, had been sold for taxes and the time of redemption had expired.

The defendants Walters place much reliance on the case of Scudder v. Hart, supra, but they apparently overlook the statement there made that negligence of the owner might render the constructive fraud of a treasurer unavailing as a defense to a tax deed. In that case the treasurer erroneously informed a mortgagee the taxes had been paid, but informed the owner of his mistake before the period of redemption expired.

We had the question of the effect of negligence of a property owner where the treasurer had given her erroneous information as to the status of her taxes but later told her of his mistake during the redemption period, in the later case of Davies v. Rayburn, 51 N.M. 309, 183 P.2d 615, 616, and there stated:

"In Scudder v. Hart, * * * we protected a mortgagee where such a mistake had been made even though the owner had been advised of the mistake in time to effect a redemption,

but in this case it is clearly indicated that had the mortgagee also been advised of the mistake, relief would have been denied him. In that case we quoted with approval the first part of 61 C.J. 1290, Sec. 1794, to the effect that a landowner seeking to redeem his property but failing to do so because of erroneous information given him by the collecting officer would be protected. In the latter part of this same section we find: 'To enable the owner to claim the right to redeem on this ground, however, it must appear that the fault or mistake was exclusively that of the officer, unmixed with any mistake or negligence on the part of the owner himself * * *.' "

We later said in the same case:

"In this case the appellant was advised of the mistake and of the fact that her land had been sold to the state for delinquent taxes and although she had ample time in which to redeem it she failed to do so.

"She has lost her land as the result of her own negligence, and the judgment will be affirmed."

Even if we were to approve the erroneous conclusion of the trial court that the letter from the treasurer afforded justification for the discontinuance of tax payments by Walters, relief would still have to be denied because of the negligence in waiting three years to ask for a correction deed from one closely related to the defendants Walters, and whose place of residence was known to them. When they secured the deed and paid the taxes for 1942 and later years the time for redemption from the sale for taxes for 1941 had expired.

Like the former owner in the Davies case, supra, the defendants Walters have lost their land through their own negligence so the judgment must be reversed and the case remanded to the District Court with instructions to vacate the judgment appealed from as to the land here involved, and then to enter a new one quieting title to the land in controversy in the plaintiff, C. C. Redman, Jr. He will also recover the costs of his appeal.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.