251 P.2d 290

**ADAMS v. LEYBA.**

**No. 5495.**

Supreme Court of New Mexico.

Dec. 15, 1952.

**2**

Clyde T. Bennett and J. R. Wrinkle, Silver City, for appellant.

H. A. Kiker and Alfred P. Whittaker, Santa Fe, for appellee.

McGHEE, Justice.

The plaintiff (appellee) obtained a decree below cancelling a tax deed to lands which he had purchased in Catron County from Robert Wood and wife.

The property was purchased in 1946 and Wood, the former owner, agreed to pay the 1946 taxes, but he only paid them for the first half of that year and at the regular tax sale on January 23, 1948, the lands were sold for the unpaid taxes for the last half of 1946. On January 23, 1948, the defendant (appellant) purchased the tax sale certificate and on January 23, 1950, secured a tax deed to the land. On January 11, 1950, the treasurer mailed a notice to the plaintiff advising him of the sale and that the time for redemption would expire January 23, 1950, but the plaintiff had moved from his old address and did not receive the notice until January 30, 1950, after the time for redemption had expired.

The trial court found the plaintiff had personally called at the office of the county treasurer on January 14, 1948, and asked the treasurer to search and inform him of the full amount of all taxes then due and owing on all of his property in said county, including that involved in this action; that thereupon the treasurer made a search of the tax rolls and told the plaintiff the amount of the total of all the taxes with interest then due, owing and payable on

all of the plaintiff's property; and that the plaintiff then and there paid the whole amount stated to be due, and a receipt was issued for such payment. The treasurer overlooked the taxes for the last half of 1946 and did not include them in the amount he stated was due and owing; that the plaintiff was then ready, willing and able to also pay the 1946 taxes and would have done so had he been told they were unpaid or had they been included in the amount stated to be due. The plaintiff, it may be said, also owned other land in the county.

The trial court concluded the treasurer was guilty of constructive fraud because of his failure to advise the plaintiff of the unpaid 1946 taxes, or to include them in the amount he advised the plaintiff was due, and entered a decree cancelling the tax deed, but requiring the plaintiff to reimburse the defendant for the taxes the latter had paid.

The defendant contends the plaintiff did not establish the crucial facts above set out by clear, strong and convincing evidence in accordance with the rule announced in Lile v. Lodewick, 1949, 53 N. M. 511, 212 P.2d 422, but says if he be mistaken in this contention the plaintiff should still be denied relief because of his claimed negligence in failing to ask the treasurer to check the taxes owing by Wood to whom the property was assess-

ed for the year 1946; and also because of his failure to advise the treasurer of his change of address.

The plaintiff and his wife testified positively they went to the treasurer's office on January 14, 1948, and made inquiry as to all taxes due and owing on the lands here involved, as well as the other land they owned, and beginning in 1947 and continuing to the time of trial the land purchased from Wood had been assessed in the name of Adams, the plaintiff, and that the treasurer advised them the total amount unpaid and due, and he was thereupon given a check for such amount. The check was produced at the trial and introduced in evidence. It bears the notation "Catron Co. New Mexico Taxes thru 1st half 1947 in full."

On direct examination the treasurer did not recall whether the plaintiff was in the office on January 14, 1948, and made inquiry as claimed, saying, however, possibly he was. In his cross-examination we find the following:

"Q. Mr. Jiron, you have said you don't remember Dr. Adams being in your office on the second of November, 1946, or the 14th of January, 1948. Would you say definitely he was not in there? A. No. I don't recollect. So many people come in the office * * *.

"Q. As to this search that was made for the 1946 taxes, would you state definitely that you never made any search for the last half of the 1946 taxes? A. Not that I remember of."

We have, therefore, the positive testimony of the plaintiff and his wife, corroborated in part, at least by the check dated January 14, 1948, that they were there, made the inquiry and received the information as found by the trial court; while we have only the uncertain or negative testimony of the treasurer as above detailed, plus the testimony of a deputy she did not remember their being in the office at that time.

■ The defendant also argues the testimony of the plaintiff and his wife should be treated as if they were only one person. The writer lends a sympathetic ear to this contention but is bound by the contrary rationale of the majority opinion in Hendricks v. Hendricks, 1950, 55 N.M. 51, 226 P.2d 464.

■ We have closely scrutinized the testimony and hold it is sufficient to sustain the crucial findings in favor of the plaintiff under the rule of the Lile case, supra.

The trial court found the notice dated January 11, 1950, informing the plaintiff of the issuance of the tax sale certificate and that the time for redemption would expire January 18, 1950, was mailed to the wrong address and was not actually received by Adams until January 30, 1950, after the deed had been issued and the time for redemption had expired. According to the record, the notice was mailed to the plaintiff at his former box number shown on the tax rolls, and, although he had left a forwarding address with the postal authorities, there was delay in forwarding such notice to the new address. In Davies v. Rayburn, 1947, 51 N.M. 309, 183 P.2d 615, we held although the treasurer had erroneously advised a landowner there were no taxes due, where such official had discovered his error and had given the owner notice the land had been sold for taxes, before the time for redemption had expired, and such owner had not redeemed, her negligence defeated her attempt to recover the land on the ground the treasurer was guilty of constructive fraud. The facts in this case, however, do not justify us in invoking the bar of negligence on the part of the landowner.

There is considerable controversy in the briefs about a claimed inquiry by Adams and Wood as to taxes on November 2, 1946, the day Adams purchased the land here involved, but in view of the finding as to the January 14, 1948 inquiry, what happened on this point in 1946 becomes immaterial.

The defendant makes some point of the fact the plaintiff purchased the land without an abstract, and did not get one until just before the trial, saying it would have disclosed the unpaid 1946 taxes, but we do not believe this failure is a valid defense to the plaintiff's action for cancellation.

We believe this is a proper case for the application of the doctrine of constructive fraud as announced in the cases of Scudder v. Hart, 1941, 45 N.M. 76, 110 P.2d 536 and Kershner v. Sganzini, 1941, 45 N.M. 195, 113 P.2d 576, 134 A.L.R. 1290, and the judgment will be affirmed.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.