413 P.2d 888

**Pat H. MICHAEL, Plaintiff-Appellant,**

v.

**Joe BAUMAN, d/b/a Joe Bauman Texaco Service Station and Agricultural Insurance Company, Defendants-Appellees.**

**No. 7789.**

Supreme Court of New Mexico.

May 2, 1966.

William W. Osborn, Roswell, for appellant.

Atwood & Malone, Bob F. Turner, Roswell, for appellees.

MOISE, Justice.

Plaintiff, Pat H. Michael, appeals from a judgment denying his claim for workmen's compensation for a left inguinal hernia which he claims arose during the course of his employment on October 2, 1962.

The district court determined that plaintiff had suffered a left inguinal hernia in April of 1962 but that there was no proof that this injury arose out of plaintiff's employment, nor was written or oral notice of the injury's occurrence given to defendant employer within the prescribed time; that in April of 1962 plaintiff was advised that corrective treatment for the hernia was necessary; and, that the surgery which

plaintiff underwent in October, 1962, was to cure the condition which arose in April and that plaintiff had misrepresented the facts when he stated the injury was first noticed after an accident occurred during his employment by defendant on October 2, 1962. On the basis of these facts, recovery was denied.

Plaintiff's sole point relied upon for reversal is that the court erred in adopting defendants' requested findings of fact and conclusions of law and in rejecting those findings and conclusions requested by plaintiff. In support of this general claim he urges that the only testimony which could be taken as support for the findings of the district court is so confusing and contradictory as to be unbelievable; that defendant insurer's payments on the claim evidenced its acceptance thereof; that even if the injury were to have originated in April, rather than October, the statute of limitations could not bar the claim for plaintiff had no knowledge of the injury; and, that defendant employer is estopped to deny the claim for compensation because he did not have plaintiff examined physically prior to employment. We proceed to determine the validity of these contentions.

At the outset we note plaintiff's failure to comply with and apparent disregard of the rule of this court governing the preparation of briefs. Plaintiff's brief contains a section denominated "Statement of the Case" which sets out facts alleged by plaintiff to be true, but which conflict with the facts as found by the district court. His brief contains no section entitled "Statement of facts." In this, he clearly violates the plain language of Supreme Court Rules 15(14) (2) and 15(14) (3) (§ 21–2–1(15) (14) (2) and (3), N.M.S.A. 1953). Further, the facts as stated are inconsistent with the trial court's findings. This constitutes a violation of the same rules as interpreted in numerous cases. See Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852; Provencio v. Price, 57 N.M. 40, 253 P.2d 582; Henderson v. Texas-New Mexico Pipeline Co., 46 N.M. 458, 131 P.2d 269. We note that plaintiff nowhere sets out the substance of all evidence bearing upon the findings of fact attacked, as required by Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M.S.A.1953); Minor v. Homestake-Sapin Partners Mine, 69 N.M. 72, 364 P.2d 134; Davies v. Rayburn, 51 N.M. 309, 183 P.2d 615. His attack on the findings is generalized and amounts to a statement that all of the court's findings and conclusions were wrong while all findings and conclusions proposed by plaintiff were correct. See Kerr v. Akard Brothers Trucking Company, 73 N.M. 50, 385 P.2d 570. He neither sets out in his brief his requested findings and conclusions, nor the claimed erroneous findings and conclusions of the district court. See Bogle v. Potter, 68 N.M. 239,

360 P.2d 650. All of these failings are in direct violation of the decisions of this court interpreting our rules governing the preparation of briefs. See Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391. Accordingly, plaintiff not having properly attacked the facts found by the district court, those facts must remain as the basis upon which we determine the issues presented. See Bogle v. Potter, supra; Swallows v. Sierra, supra; Hugh K. Gale Post No. 2182 V. of F. W. v. Norris, 53 N.M. 58, 201 P.2d 777.

The conclusion that the trial court's findings are final disposes of plaintiff's first contention. We add that even had we not considered the findings made by the district court as being conclusive, we still find them amply supported in the record.

■ Plaintiff complains that the insurer's payments on his claim for a six-week period after the alleged October accident precludes any denial of the validity of the present claim. It is true that we have recognized that payment of claims may constitute an admission against interest by the employer or insurer. Compare Gilbert v. E. B. Law and Son, Inc., 60 N.M. 101, 287 P.2d 992; Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615. However, an admission can be rebutted or explained and is by no means conclusive. Compare Gallegos v. George A. Rutherford, Inc., 67 N.M. 459, 357 P.2d 50. Thus, the admission is only one factor to be considered together with the other evidence. 2 Jones on Evidence, § 397 (5th Ed. 1958). In the instant case the district court weighed the evidence in reaching its conclusion and, in so doing, did not violate any rule of law.

■■ Plaintiff next argues that the district court erred in finding that any valid claim which might have arisen from the April accident was barred by plaintiff's failure to give notice within the time prescribed by § 59–10–13.4, N.M.S.A.1953. He does not state that he gave notice but asserts that this failing is excused because he had no knowledge of the injury's occurrence in April. The district court found that, " * * * During the month of April 1962, Plaintiff was advised by the treating physican (sic) that he had suffered a left direct inguinal hernia * * *." The failure to give notice within the allotted time is a conclusive bar to any suit for compensation based upon the April injury. Wilson v. Navajo Freight Lines, Inc., 73 N.M. 470, 389 P.2d 594; Yardman v. Cooper, 65 N.M. 450, 339 P.2d 473.

■ Thus we are brought to plaintiff's final contention wherein he asserts that the failure of his employer to cause him to be examined physically prior to assumption of employment precludes a denial of compensation. He relies on § 59–10–18.6, N.M.S.A. 1953. This section places a strict burden

of proof on one seeking compensation for a hernia because, from the nature of the ailment, "it offered an easy means of imposition and fraud." See Martin v. White Pine Lumber Co., et al., 34 N.M. 483, 284 P. 115; Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680. But, if, as in the instant case, the employer does not show that he caused the workman to be physically examined prior to employment to determine the possible existence of a hernia, the employee is relieved from proving certain facts specified in the section. There, then, remains only the normal burden of proof to be met by plaintiffs in all workmen's compensation cases set out in § 59–10–13.3, N.M.S.A.1953. It is this burden which the district court found that plaintiff failed to meet when it stated that, "Plaintiff has failed to sustain his burden of proving that the left inquinal hernia which he now has, and the disability resulting therefrom, if any, as a medical probability, were a natural and direct result of the alleged accident on October 2, 1962." Plaintiff was not forced to meet the burden of proving certain facts as required under § 59–10–18.6, supra, but only those required by § 59–10–13.3, supra.

The judgment appealed from is affirmed. It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.