456 P.2d 215

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ray L. GLEASON and Raymond Lawrence Kilroy, Defendants-Appellants.**

**No. 275.**

Court of Appeals of New Mexico.

June 20, 1969.

John P. Isaacs, Clayton, for defendants-appellants.

James A. Maloney, Atty. Gen., Robert J. Laughlin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendants were charged by information filed in the district court of Colfax County on March 29, 1967, with receiving stolen property of the value of more than $100.00 and not more than $2,500.00, contrary to the provisions of § 40A–16–11, N.M.S.A. 1953. This charged offense is a fourth degree felony.

On April 12, 1967, defendants were charged by information filed in the district court of Union County with larceny of this same property, contrary to the provisions of § 40A–16–1, N.M.S.A.1953, and with burglary, contrary to the provisions of § 40A–16–3, N.M.S.A.1953. The offenses of larceny and burglary as charged were each fourth degree felonies.

Colfax and Union Counties are in the same judicial district, the district courts therein are presided over by the same district judge, and they are served by the same district attorney.

Upon trial by jury in Colfax County during May 1967, on the charge of receiving stolen property, defendants were found guilty, convicted and sentenced.

The trial court in the Union County case dismissed the count charging larceny, upon the ground that defendants could not be both the thieves and the receivers of the same stolen property. This is in accord with the majority rule. Heinze v. State, 184 Md. 613, 42 A.2d 128 (Ct.App.1945); State v. Meshaw, 246 N.C. 205, 98 S.E.2d 13 (1957); Annot., 18 A.L.R.3d 259, 322–326 (1968); Annot., 16 A.L.R.3d 866 (1967).

Upon the trial of the burglary charge in Union County, the evidence was that defendants personally made an unauthorized entry of a structure with the intent to commit a theft therein. The essential element of intent to commit a theft therein was established by evidence showing the

taking and asportation by defendants of the same property of which they had been convicted of receiving. There was no evidence to indicate that anyone other than defendants was in any way involved in the unauthorized entry or in the taking and asportation of the stolen property.

Thus, defendants of necessity were found to have committed the actual theft of the same property for which they had previously been convicted of receiving.

It is generally held that upon the trial of a defendant, who is charged in separate counts of a single indictment or information with receiving stolen property and with larceny, the State cannot convict of receiving stolen property, which of necessity implies two actors—the thief and the receiver from the thief—and also convict for larceny, if the identical property is involved in both convictions. Territory v. Graves, 17 N.M. 241, 125 P. 604 (1912); People v. Taylor, 4 Cal.App.2d 214, 40 P.2d 870 (1935). See also, in addition to the foregoing cited cases, Bargesser v. State, 95 Fla. 404, 116 So. 12 (1928); Fletcher v. State, 231 Md. 190, 189 A.2d 641 (Ct.App. 1963).

 It is our opinion that the State cannot convict a person under one indictment or information of receiving stolen property, and then subsequently convict him under another indictment or information of burglary, if the burglary conviction is dependent upon a theft by him of the same property, and he is shown to have been the person who actually took and asported the property during the burglarious entry. See Annot., 9 A.L.R.3d 203 § 10, 242 (1966).

The decision in State v. Mares, 79 N.M. 327, 442 P.2d 817 (Ct.App.1968), is not to the contrary. In that case, which was before us on a post-conviction proceeding under Rule 93, plaintiff was convicted in a Justice of the Peace court of the petty misdemeanor of receiving stolen property, to wit: a $10.00 bill. He was later convicted in the district court of the second degree felony of armed robbery. It developed that the $10.00 bill was a part of the money taken by defendant in the armed robbery. For the reasons stated in our opinion in that case, defendant was not placed in double jeopardy, and the State was not barred or estopped from prosecuting and convicting him for the armed robbery. See also, State v. Goodson, 54 N.M. 184, 217 P.2d 262 (1950).

It follows that the judgment of conviction for burglary must be reversed with directions to vacate said judgment and the sentences imposed pursuant thereto.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.