515 P.2d 146

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**John M. MARCHIONDO and Joe Ferris, Defendants-Appellees.**

**No. 1031.**

Court of Appeals of New Mexico.

Oct. 10, 1973.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Robert N. Singer, Coors, Singer & Broullire, Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Defendants were charged by indictment with violation of § 40A–19–3(F), N.M.S.A. 1953 (2d Repl.Vol. 6). Defendants' motion to quash the indictment was granted and the State appeals pursuant to Supreme Court rule 5(4) (§ 21–2–1(5)(4), N.M.S.A. 1953 (Repl.Vol. 1970)).

The trial court order quashing the indictment held that § 40A–19–3, supra, was unconstitutional and found, in part:

"1. That Section 40A–19–3(E) [N.M. S.A.1953 (2d Repl.Vol. 6)] proscribes as a felony the activities defined as a petty misdemeanor in Section 40–19–2(D), and by virtue thereof, there exists unconstitutional uncertainty as to the punishment of violation of either.

"2. That the Defendants are charged with violation of Section 40–19–3(F) which attempts to impose felony punishment of activity fundamentally identical to the activities proscribed as a petty misdemeanor in Section 40A–19–4(B), and as such there exists an unconstitu-

tional vagueness and uncertainty regarding punishment for the commission of that activity.

"3. That the total intent of the legislature in regulating general gambling activity throughout the state can not be carried out by severing any section of N.M.S.A.Comp. Section 40A–19–3, and by reason thereof, no sub-section of such statute is severable from the remainder of such statute."

We hold that the trial court's finding number 2 with respect to the constitutionality of § 40A–19–3(F), supra, is in error. Section 40A–19–3(F), supra, provides in part:

"Commercial gambling consists of either:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"F. setting up for use, for the purpose of gambling or collecting the proceeds of, any gambling device."

The section further provides that a violation of this subsection is a fourth degree felony. Section 40A–19–4(B), N.M.S.A. 1953 (2d Repl.Vol. 6) provides in part:

"Permitting premises to be used for gambling consists of:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"B. knowingly permitting a gambling device to be set up for use for the purpose of gambling in a place under his control."

Defendants' contention that § 40A–19–3(F), supra, is void for vagueness and uncertainty is without merit. A statute violates due process if it ". . . is so vague that persons of common intelligence must necessarily guess at its meaning." State v. Orzen, 83 N.M. 458, 493 P. 2d 768 (Ct.App.1972). The vagueness doctrine is based on notice and applies when a potential actor is exposed to criminal sanctions without a fair warning as to the nature of the proscribed activity. Papachristou v. Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

A common sense reading of the two statutes demonstrates to us that § 40A–19–3(F), supra, requires a positive act by an accused relating to commercial gambling, while § 40A–19–4(B), supra, connotes mere passive acquiescence in permitting a " . . . gambling device to be set up for use for the purpose of gambling in a place under his control." Each statute relates to a different activity. Permitting a gambling device to be set up and to set up a gambling device are not identical acts; an individual could not be held accountable under both sections for the same act. See State v. Gleason, 80 N.M. 382, 456 P.2d 215 (Ct.App.1969).

Defendants further contend that the term "gambling device" as defined in § 40A–19–1(C), N.M.S.A.1953 (2d Repl.Vol. 6) is vague. That section states:

"C. "Gambling device" means a contrivance which, for a consideration, affords the player an opportunity to obtain anything of value, the award of which is determined by change, even though accompanied by some skill and whether or not the prize is automatically paid by the device; . . . "

Defendants argue that since gambling is not defined, a television set or a gun could be in "the category of gambling devices." We disagree. Words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. State v. Orzen, supra. No contrary intent appearing in the statute, the ordinary and usual meaning is clear, that is, those devices which are normally associated with gambling. Gambling device is defined with acceptable clarity, given the legislative dilemma of drafting criminal statutes general enough to escape legalistic evasion while specific enough to give fair warning of proscribed conduct. Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) and Giomi v. Chase, 47 N.M. 22, 132 P.2d 715 (1942).

We did not consider defendants' arguments that §§ 40A–19–3(F), supra, and 40A–19–4(B), supra, are void for vagueness because they provide different punishment for the same act since we have previously determined the two statutes don't relate to the same activity.

Because the trial court's finding number 2 indicates and the briefs of both parties concede that defendants were charged with a violation of § 40A–19–3(F), supra, we conclude that defendants have no standing to challenge § 40A–19–3(E), supra, and § 40A–19–2(D), supra. The trial court's conclusion that these two subsections are unconstitutionally vague was erroneous because of the defendants' lack of standing. Defendants may not challenge the constitutionality of a statute or a portion of a statute under which they have not been charged. We do not review hypothetical or academic questions. The constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Klantchnek, 59 N.M. 284, 283 P.2d 619 (1955).

Having ruled on the trial court's findings numbers one and two as we have, we need not reach the issue of the severability of the statute.

Reversed and remanded with directions to set aside the trial court's order to quash the indictment and reinstate the matter on the trial docket.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I agree with the result reached. I disagree with the majority opinion that "Defendants may not challenge the constitutionality of a statute or a portion of a statute under which they have not been charged." Defendants have standing. See dissent, State v. Armstrong, 85 N.M. 234, 511 P.2d 560 (1973).

Defendants were charged with commercial gambling contrary to § 40A–19–3, N.M.S.A.1953 (2d Repl.Vol. 6). Defendants challenged the constitutionality of the whole section. If the whole section is unconstitutional, defendants cannot be charged with violation of subsection (E). Therefore, defendants have standing not challenged by the State.

The State believed defendants had standing to challenge the constitutionality of the entire section. Its brief was devoted solely to this constitutional issue.

Unconstitutional vagueness is determined by considering the statute as a whole. This includes the penalty provision of a criminal statute. The "vagueness" rule is set forth in State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969).

The first challenge to meet is the alleged conflict in punishment set forth in § 40A–19–3(E), supra, and § 40A–19–2(D). These provisions concern lotteries. Section 40A–19–3(E) provides:

Commercial gambling consists of either:

\*　　\*　　\*　　\*　　\*　　\*

E. conducting a lottery where both the consideration and the prize are money, *or whoever with intent to conduct a lottery, possesses facilities to do so;* or [Emphasis added]

\*　　\*　　\*　　\*　　\*　　\*

Whoever commits commercial gambling is guilty of a *fourth degree felony.* [Emphasis added]

Section 40A–19–2(D) provides:

Gambling consists of:

D. *possessing facilities with intent to conduct a lottery.*

Whoever commits gambling is guilty of a *petty misdemeanor.* [Emphasis added]

Section 40A–19–1(B) defines "Lottery".

B. 'Lottery' means an enterprise wherein, for a consideration, the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill. As used in this subsection, 'consideration' means anything of pecuniary value required to be paid to the promoter in order to participate in such enterprise;

Section 40A–19–6 provides for permissive lottery applicable to (1) church, public library or religious society; (2) motion picture theaters; and (3) county fair.

It is clear and unequivocal that if a person is convicted of "commercial gambling" under the above statute, he is guilty of a

fourth degree felony. If he is convicted of "gambling" under the above statute for the identical charge, i. e., "possessing facilities with intent to conduct a lottery", he is guilty of a misdemeanor. This is not vague and uncertain. The extent of the penalty depends upon the information filed by the district attorney or, in the event the two statutes are presented to the grand jury, the extent of the penalty depends upon the indictment returned by it. The grand jury indictment charged that defendants "did unlawfully engage in commercial gambling" contrary to § 40A–19–3, supra.

Defendants contend that both sections supra "die for want of certainty as to punishment." No authority is cited. I disagree. There is no want of certainty. The difference between "commercial gambling" and "gambling" depends upon the facts in each case. No definition of "commercial gambling" has been found. Used in its ordinary sense, the words mean gambling as a business operation, having financial profit as its primary aim. "Gambling" as used in § 40A–19–2, supra, contemplates participation in a single event. "Gambling" is not as violative of public morals as "commercial gambling". Therefore, a fourth degree felony versus a petty misdemeanor constitutes fair imposition of penalties. They are obviously separate offenses and must be treated as such. I agree with the State "that the legislature intended to differentiate private gambling between so-called private individuals, and commercial gambling which involved the participation in the earnings of gambling operations . . . ."

In any event, the trial court's finding that "there exists unconstitutional uncertainty as to the punishment of violation of either" statute does not find support in law.

The second challenge to meet is the alleged conflict in punishment set forth in § 40A–19–3(F) and § 40A–19–4(B). These statutes relate to gambling devices. This was adequately met in the majority opinion. I would simply add that fourth degree felony versus misdemeanor in the

above statutes does not create vagueness and uncertainty in the punishment provided by those statutes.

The legislature was clear and unequivocal in identifying two prohibited acts—gambling and commercial gambling.

The third challenge to meet is whether the total intent of the legislature in regulating general gambling activity prevents severing any subsection of § 40A–19–3, supra. This issue would arise if there was "unconstitutional vagueness and uncertainty regarding punishment". Since this is not in question, the issue of severability does not arise. On the issue of severability see Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808 (1962).

Defendants further contend that the State failed in its brief to attack the trial court's finding No. 2 set forth in the majority opinion. Therefore, they contend, the State should be bound by the trial court's determination. No authority is cited. The State's position in its brief was directed primarily against the trial court's finding No. 3 set forth in the majority opinion relative to legislative intent and severability, to show that the statute was constitutional. This argument was sufficient to lead us to reversal because the "finding" was in effect a "conclusion" reached from findings No. 1 and 2. We are not confronted with the rule, where after trial, the court made findings of fact and conclusions of law and, on appeal, the appellant failed to attack the facts found as set forth in Michael v. Bauman, 76 N. M. 225, 413 P.2d 888 (1966). The issue involved in defendants' appeal was a question of law. It was based on the trial court's order that the statute was unconstitutional and the indictment be quashed and dismissed. All that we have before us is an indictment, a motion to dismiss and an order of dismissal. Plain and fundamental error apparent on the face of this record, even though not assigned, will be considered by an appellate court. State v. Apodaca, 42 N.M. 544, 82 P.2d 641 (1938).