638 P.2d 1071

**David A. WILSON, Petitioner,**

v.

**RICHARDSON FORD SALES, INC. and Fireman's Fund Insurance Companies, Inc., Respondents.**

**No. 13514.**

Supreme Court of New Mexico.

Nov. 24, 1981.

Rehearing Denied Dec. 31, 1981.

Paul P. Shwartz, James J. Loughren, Albuquerque, for petitioner.

Oldaker & Oldaker, Donald C. Schutte, Albuquerque, for respondents.

## OPINION

EASLEY, Chief Justice.

Wilson sued for workmen's compensation benefits. The trial court found in favor of Richardson Ford Sales, Inc. (Employer). Wilson appealed the case to the Court of Appeals, which affirmed. We granted certiorari and affirm in part and reverse in part.

The two issues raised are: (1) whether Employer's voluntary payment of workmen's compensation benefits and of medical expenses is, by itself, prima facie evidence that Wilson's injury arose out of and in the course of his employment; and (2) whether injuries Wilson sustained while attempting to push Employer's stalled truck on Employer's premises arose out of and in the course of his employment.

Wilson was a car salesman for Employer. After a sales meeting, he realized that he had left his address book, which contained names of prospects, at home. He drove a company truck directly home, picked up the address book, and returned to the office. The company truck stalled in the service drive. Wilson pushed the truck and aggravated an unknown pre-existing back disorder. Wilson testified that if he had not pushed the truck, traffic would have built up and obstructed customers' access to Employer's premises. Wilson was paid workmen's compensation benefits from May to October and then received no further payments.

As to the first issue, we find *Michael v. Bauman*, 76 N.M. 225, 413 P.2d 888 (1966) controlling. The insurer paid Michael workmen's compensation benefits for six weeks and then ceased payment. Michael

asserted that the insurer's payments on his claim precluded any denial of the validity of the claim. This Court said:

It is true that we have recognized that payment of claims *may* constitute an admission against interest by the employer or insurer. [Citations omitted.] However, an admission can be rebutted or explained and is by no means conclusive. [Citation omitted.] *Thus, the admission is only one factor to be considered together with the other evidence.* [Citation omitted and emphasis added.]

*Id.* at 228, 413 P.2d at 889–90.

■ Wilson seeks to have this Court hold that voluntary payment of workmen's compensation benefits, *ipso facto*, creates a presumption that the employer is liable. *Michael* does not go that far. Voluntary payment is only one factor to be considered with other evidence. To impose the presumption would not only be contrary to the remedial nature of workmen's compensation but would also discourage prompt payment of benefits which might be essential for the worker's survival. *Romero v. S. S. Kresge Co.*, 95 N.M. 484, 623 P.2d 998 (Ct. App.), *cert. denied*, 95 N.M. 593, 624 P.2d 535 (1981); *Hartford Accident and Indemnity Company v. Hale*, 400 S.W.2d 310 (Tex. 1966). The Court of Appeals is affirmed as to the first issue.

We now inquire whether Wilson's injuries arose out of and in the course of his employment. Wilson was employed as a new car salesman. As a car salesman, he was authorized to use the company's "demo" truck. On the day of his injury he realized that he left his address book containing a list of business prospects at home. Although Employer did not require salesmen to have this type of address book, "most [salesmen] carried some type of book for phone numbers." Wilson's own uncontroverted testimony was that he told one of his managers that he was "running home for a minute; I'll be right back." There was no response. He took the "demo" truck home, picked up his address book and returned to Employer's place of business. The "demo" truck stalled on Employer's premises at the

entrance to the service garage, blocking the entrance and causing traffic to back up. He decided to push the truck and consequently injured his back. The injury occurred during Wilson's normal working hours.

■ We are mindful of our role as an appellate court not to disturb the trial court's findings of fact when they are supported by substantial evidence; however, when the facts are not in dispute and a reasonable inference can be drawn, an appellate court may independently draw its own conclusions and overrule contrary conclusions made by the trial court. *Lyon v. Catron County Commissioners*, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969), *cert. denied*, 81 N.M. 140, 464 P.2d 559 (1970). In this case, the trial court made several findings which are contrary to the undisputed evidence in the record. First, the record reflects that one of Employer's managers impliedly gave his permission to Wilson to go home. Secondly, though Employer never suggested or required salesmen to keep an address book of business contacts, the record shows uncontroverted testimony that most salesmen kept this type of book.

■ We note with special interest one of the trial court's findings falls within the grey area of law-fact distinction. The court said:

11. Pushing his stalled vehicle was not a duty of the plaintiff *nor was it incidental to his duties.* [Emphasis added.]

Though presented as a finding of fact, we believe the finding that Wilson's injury was not incidental to his duties is actually a conclusion of law in the context of this case, and therefore we may disregard it. *See Ross v. Ringsby*, 94 N.M. 614, 614 P.2d 26 (Ct.App.1980).

For an injury to be compensable under workmen's compensation, "[i]t must 'arise out of' as well as 'in the course of' the employment. [Citations omitted.] There must not only have been a causal connection between the employment and the accident, but the accident must result from a risk incident to the work itself." *Berry v.*

*J. C. Penney Co.,* 74 N.M. 484, 485, 394 P.2d 996, 997 (1964). The term "arise out of" relates to the cause of the injury, while the phrase "in the course of" refers to the time, place and circumstances under which the injury occurred. *Walker v. Woldridge,* 58 N.M. 183, 268 P.2d 579 (1954). An injury reasonably incidental to the employment or an injury flowing therefrom as a natural consequence is compensable under the Workmen's Compensation Act. § 52–1–9, N.M.S.A. (Orig.Pamp. and Cum.Supp.1981). "What is reasonably incident to employment depends upon the practices permitted in the particular employment and on the customs of the employment environment generally." (Citation omitted.) *Whitehurst v. Rainbo Baking Company,* 70 N.M. 468, 473, 374 P.2d 849, 852 (1962).

█ We conclude that Wilson's pushing the "demo" truck, which he was authorized to use, to alleviate traffic congestion for the benefit of Employer, is reasonably incidental to the employment and therefore arose out of the work. We further conclude that due to the nature of the cause of Wilson's injuries and the fact that they took place on Employer's premises during normal working hours, he was in the course of employment at the time of his injury. Wilson's injuries are compensable under workmen's compensation. We reverse the Court of Appeals as to this issue.

Wilson's counsel requests attorney fees for his appellate and trial work. In accordance with *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 287, 587 P.2d 434 (1978), we award $1,500 for his appellate work.

We remand the case to the trial court to determine attorney fees at that level and to decide the case consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.

RIORDAN, J., respectfully dissents.

RIORDAN, Justice (dissenting).

I concur in the Court's opinion insofar as it holds that voluntary payment of workmen's compensation insurance does not create a presumption of coverage, but is rather one factor to consider in determining whether the injury is compensable.

I dissent from the holding that the plaintiff is entitled to compensation for his injury. It is my opinion, that in so holding, the majority ignores or misconstrues the following findings of fact made by the trial court:

4. Plaintiff left his place of employment during working hours to return to his home to pick up a book of telephone numbers.

5. The book of telephone numbers was the plaintiff's personal collection and it was not suggested, directed nor required to be kept by defendant employer nor was it required as part of his employment that plaintiff have the book of telephone numbers in his possession at work.

6. Plaintiff neither sought nor was given authorization, permission or approval for his trip to his home from defendant employer.

7. ... [T]he vehicle which plaintiff was driving stalled in or at the driveway into the car lot at defendant's premises.

. . . .

9. Defendant employer had "lot boys" and tow trucks available on its premises who would aid, assist, repair, remove, tow or push disabled vehicles on defendant employer's premises or wherever the disabled vehicle was located.

10. Plaintiff's duties did not include being a lot boy, mechanic or tow truck operator, nor did his duties include or require that plaintiff perform physical labor.

11. Pushing his stalled vehicle was not a duty of the plaintiff nor was it incidental to his duties.

On appeal, we view the evidence in the light most favorable to support the findings of fact of the trial court. It is not the function of the appellate court to weigh the evidence or its credibility, and it will not substitute its judgment for that of the trial court so long as they are supported by substantial evidence. *Getz v. Equitable Life Assur. Soc. of U. S.,* 90 N.M. 195, 561

P.2d 468 (1977), *reh. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977).

In my judgment the trial court made findings that are supported by the record. I am not willing to ignore them, and do not desire to second guess the trial court.

A workmen's compensation case, especially one involving a back injury, is a very difficult matter to try. The trial court is in the best position to evaluate the evidence after observing the demeanor of the witnesses and hearing all the evidence and make the decision on the case.

After reviewing the transcript, I feel that the evidence supports the trial court's findings and accordingly would affirm the Court of Appeals and the trial court.