819 P.2d 1342

Ernest GREEN, Plaintiff–Appellant,

v.

CITY OF ALBUQUERQUE, Employer and Self–Insurer, Defendant–Appellee.

No. 12701.

Court of Appeals of New Mexico.

Sept. 5, 1991.

Certiorari Denied Oct. 18, 1991.

James R. Toulouse, John G. Travers, Toulouse & Associates, P.A., Albuquerque, for plaintiff-appellant.

David S. Campbell, City Atty., David Suffling, Asst. City Atty., Albuquerque, for defendant-appellee.

## OPINION

HARTZ, Judge.

Worker appeals from the district court's denial of his claim for workers' compensation benefits. He contends that a mental disability due to perceived job harassment is compensable in New Mexico. He also claims that he is entitled to relief because of the destruction of medical records by his employer, the City of Albuquerque. We affirm the judgment of the district court.

## PERCEIVED HARASSMENT

While a portion of worker's appeal is predicated on a contention that the district court's findings of fact were not supported by the evidence, we reject that claim. Worker's brief totally fails to summarize the extensive pertinent evidence supporting the district court's findings. Therefore, worker has waived his contention that the findings are not supported by substantial evidence. *See* SCRA 1986, 12–213(A)(3). Accordingly, the findings of the district court are the facts upon which we determine this appeal. *See Michael v. Bauman,* 76 N.M. 225, 413 P.2d 888 (1966).

Among the findings by the district court were the following:

3. Plaintiff was initially hired as a laborer.

4. Plaintiff was promoted to truck driver.

5. Plaintiff never complained about his job duties.

6. Plaintiff never exhibited any problems with his job duties.

7. Plaintiff was praised by his supervisors for doing a good job.

8. Plaintiff was treated fairly by his supervisor and co-workers.

9. Plaintiff was treated in the same manner on the job as his fellow workers.

\* \* \* \*

12. Plaintiff's mental disability is not a mental disability that can be caused by job stress.

13. Plaintiff's mental disability is not a mental disability that can be caused by harassment on the job.

Taken alone, these findings would compel denial of disability benefits to worker. If

worker's mental disability is of a type that cannot be caused by job stress or harassment, it follows that it was not caused by stress or harassment in this case.

The issue is complicated, however, by the following finding:

> 16. To a reasonable medical probability, Plaintiff's disability was caused by his perceived harassment on the job.

This finding was supplemented by two further findings:

> 17. Plaintiff's psychiatrist presented no evidence that Plaintiff's disability was caused by job stress.

> 18. Plaintiff's psychiatrist presented no evidence that Plaintiff was, in fact, harassed on the job.

We have difficulty understanding how an ailment that cannot be caused by something can be caused by a misperception that the something has occurred. Nevertheless, finding 16 is apparently neither a clerical error nor inadvertent. The court's first conclusion of law is: "A mental disability due to perceived job harassment is not compensable in a worker's compensation case in New Mexico." This case therefore squarely presents the question of whether compensation is due when a mental disability which cannot be caused by job harassment or stress was caused by a false perception of harassment.

In recent years the New Mexico legislature has made repeated, substantial changes in the law with respect to when mental disability is compensable under the Workers' Compensation Act. This case comes under what is now commonly referred to as the "Old Act," which predates those changes. *See* NMSA 1978, §§ 52-1-1 to -69 (Orig. Pamp.). Under that law we have held that psychological disability caused by actual stress at work is compensable. *Candelaria v. General Elec. Co.*, 105 N.M. 167, 730 P.2d 470 (Ct.App.1986). We can assume, without deciding, that compensation would be allowed in such circumstances to a person who is unusually vulnerable to conditions at work and has

suffered a disability when "normal" people would not have become disabled. *See Martinez v. University of Cal.*, 93 N.M. 455, 457-58, 601 P.2d 425, 427-28 (1979).

That authority does not, however, decide the case before us. *Candelaria* specifically left open the question of whether "imaginary stress[ ] is sufficient to establish an injury 'arising out of' the employment." 105 N.M. at 175, 730 P.2d at 478. For a discussion of the issue, *Candelaria* referred the reader to two decisions—*McGarrah v. State Accident Ins. Fund Corp.*, 296 Or. 145, 675 P.2d 159 (1983), and *Williams v. Western Elec. Co.*, 178 N.J.Super. 571, 429 A.2d 1063 (App.Div.1981)— which stated that benefits would not be recoverable in such circumstances, but it did not express approval of either opinion.

▮ We start with the pertinent statutory language. Section 52-1-28(A) states:

> Claims for workmen's compensation shall be allowed only:

> (1) when the workman has sustained an accidental injury arising out of, and in the course of, his employment;

> (2) when the accident was reasonably incident to his employment; and

> (3) when the disability is a natural and direct result of the accident.

In our view, this language evinces a legislative intent to restrict coverage to disability caused by real events, real occurrences at work. Not only must the accidental injury arise out of and be in the course of the worker's employment, but the accident must also be "reasonably incident" to the work and the disability must be a "natural and direct result" of the accident. We see no room in this language for a disability that may have been caused by something that is only imagined. *See Fox v. Alascom, Inc.*, 718 P.2d 977, 983 (Alaska 1986) (awarding compensation based on imaginary stress is inconsistent with "arising out of" language).

We are buttressed in this conclusion by the lack of support for worker's position in

the laws of other states. Only one reported decision would support the result he seeks. *Deziel v. Difco Laboratories, Inc.*, 403 Mich. 1, 268 N.W.2d 1 (1978), ruled that a worker is entitled to benefits if he or she honestly perceives that the disability was caused by the work. As noted by Professor Larson, however, the Michigan legislature has overruled *Deziel* by providing that " '[m]ental disabilities shall be compensable when arising out of actual events of employment, not unfounded perceptions thereof.' " 1B A. Larson, *The Law of Workmen's Compensation* § 42.23(d), at 7–931 (1991) (quoting Mich.Comp.Laws Ann. § 418.301(2) (West Supp.1984)). The rule stated in *Deziel* has been rejected by more than just the legislature of the state in which the opinion was rendered; it has also been rejected by virtually every court that has considered the matter. According to Larson, the only kind words for the opinion appear in *Albertson's, Inc. v. Worker's Compensation Appeals Board of California*, 131 Cal.App.3d 308, 182 Cal.Rptr. 304 (1982). Yet even in *Albertson's* there were undeniable facts that contributed to the stress upon worker (such as an unjustified layoff) and the court required that employment play an "active role" in the development of the mental disability and not "merely provide[ ] a stage for the event." *Id.*, 182 Cal.Rptr. at 309 (quoting *Transactron, Inc. v. Workers' Comp. Appeals Bd.*, 68 Cal.App.3d 233, 238, 137 Cal.Rptr. 142, 145 (1977)).

As we understand the district court's findings, worker's perception of harassment was not caused by anything that happened at work. Presumably his mental condition was such that he would perceive harassment regardless of what actually occurred. The job was the stage upon which worker's imagination performed, but we cannot say that the job played an "active role" in creating the disability. Thus, even applying the extant law of other jurisdictions most favorable to worker, the findings here require that he be denied benefits. We therefore affirm the district court.

## DESTRUCTION OF DOCUMENTS

As an alternative ground for reversal, worker contends that the city lost or destroyed documents relating to his employment. He contends that we should presume from that loss or destruction that the documents were favorable to him and that therefore he should be awarded compensation.

Even were we to adopt worker's legal theory, we could not grant the relief sought because worker has failed to establish the factual predicate for his contention. We note that the district court refused worker's requested finding of fact with respect to loss or destruction of documents. Worker cites to nothing in the record supporting the claim of loss or destruction except for a reference to destruction of documents of the employee assistance program. But employer points out in its brief that the record indicates that worker's attorney had been provided the pertinent file, and worker filed no reply brief to challenge that assertion. Other documents that were lost or destroyed were not the employer's documents.

Thus, there is support in the record for the district court's refusal of the requested finding regarding loss or destruction of documents, and we must reject worker's claim for relief predicated on such alleged loss or destruction.

## CONCLUSION

For the foregoing reasons we affirm the judgment of the district court.

IT IS SO ORDERED.

ALARID, C.J., and PICKARD, J., concur.