[No. 1433, June 14, 1912.]

## TERRITORY OF NEW MEXICO, Appellee, v. RICH-ARD C. GRAVES, Appellant.

### SYLLABUS (BY THE COURT).

1. To sustain the prosecution of a prisoner for receiving goods, knowing them to be stolen four things must be proved:

(1) That the goods or other things were previously stolen by some other person.

(2) That the accused bought or received them from another person, or aided in the concealing of them.

(3) That, at the time he so bought or received them, or aided in concealing them, he knew they had been stolen.

(4) That he so bought or received them, or aided in concealing them, malo animo, or with a dishonest intent.

2. The felonious receiving of stolen property, knowing the same to have been stolen, is a substantive offense, and distinct from larceny.

3. One cannot at the same time be a principal in a larceny, and in a legal sense a receiver of the stolen property.

W. W. GATEWOOD and R. L. GRAVES, for Appellant.

Section 1117, compiled laws, construed. Armijo v. Armijo, 4 N. M. 57; Douglass v. Lewis, 3 N. M. 596; Hey v. Com., 32 Gratt. 946; 34 Cyc. 515; 10 Ency. of Ev. 665-6; Clark & M. Law of Crimes (2nd ed.) sec. 280; 24 Encyc. of L. (2nd ed.) 45, par. 111; id. 46, par. 2; id. 47, par. 3; id. 48, par. 4.

Some of the courts in specifying the elements of the offense combine the second and third stated above in one, and

thus enumerate but three. Aldrich v. People, 101; People v. Tilley, 135 Cal. 61.

There seems to be no discord among the authorities as to the first element of the offense stated above—all supporting it without an exception as far as ascertained. Kirby v. U. S., 174 U. S. 47; Com. v. Elisha, 3 Gray 460; Aldrich v. People, 101 Ill. 16; Williams v. People, 101 Ill. 382; People v. Hartwell, 55 N. E. 929; Foster v. State, 38 Fla. 3; O'Connell v. State, 55 Ga. 296; U. S. v. Montgomery, 3 Sawy. 544; Curran v. State, 76 Pac. 577; People v. Tilley, 67 Pac. 42; Queen v. Wiley, 2 Den. C. C. 37; Com. v. Light, 10 Pa. Supr. Ct. 66.

As to guilty knowledge of the larceny. Wright v. State, 5 Yeager, 154; State v. Pray, 94 Pac. 218; People v. Levison, 16 Cal. 98; May v. People, 60 Ill. 120; Anderson v. People, 60 Ill. 345; State v. Caveness, 78 N. C. 481.

As to the *malo animo* or dishonest intent with which the property was received. Leonardo v. Territory, 1 N. M. 291; Rice v. State, 50 Tenn. 215; State v. Pardee, 37 Ohio St. 63; Arcia v. State, 26 Tex. App. 193; U. S. v. Lowenstein, 21 D. C. 515; People v. Johnson, 1 Park. Cr. R. 564; State v. Hodges, 55 Md. 127.

There is no evidence to support the verdict of the jury. Secs. 22 and 25, laws of 1907, p. 111; Weber v. Kirkundall, 44 Neb. 766; Rhorer v. Brockhage, 15 Mo. Ap. 16; Nave v. Nave, 12 Ind. 1; State v. Tominson, 11 Ia. 401; Bedford v. State, 5 Hump. 552; Dains v. State, 2 Hump. 442; State v. Jones, 12 Mo. Ap. 93; Anderson v. State, 43 Conn. 514; Falk v. People, 42 Ill. 331; U. S. v. Briggs, 19 D. C. 585; People v. Knutte, 111 Cal. 453; Reynolds v. Staab, 4 N. M. 606; Ruiz v. Territory, 10 N. M. 132; Faulkner v. Territory, 6 N. M. 464; Baca v. Fulton, 3 N. M. 352; Territory v. Webb, 2 N. M. 147; Romero v. Gonzales, 3 N. M. 5; Prior v. Rio Grande Irr. etc., 10 N. M. 711; Waldo v. Beckwith, 1 N. M. 97; Stamm et al. v. Albuquerque, 10 N. M. 491.

Ordinarily neither the verdict of a jury nor the findings of fact by a trial court will be disturbed in this court when they are supported by any substantial evidence. Candelaria v. Miera, 13 N. M. 361; Perea v. Barela, 6 N. M.

239; Territory v. West, 14 N. M. 546; Territory v. Neath-
erlin, 13 N. M. 491; Territory v. Sias; Ortiz v. Bank,
12 N. M. 519; Territory v. Edie, 7 N. M. 183; Ter-
ritory v. Gonzales, 11 N. M. 301; Robinson v. Palatine
Ins. Co., 11 N. M. 162; Archibeque v. Miera, 1 N. M. 160;
Lynch v. Grayson, 7 N. M. 26; Badeau v. Baca, 2 N. M.
194; State v. Spidler, 44 Kas. 493; State v. Foster, 26
Mont. 71; State v. Welch, 22 Mont. 92; State v. Pennick,
90 Pac. 927; Irwin v. Thompson, 27 Kas. 643; How v.
Lincoln, 23 Kas. 468; Ermul v. Kullock, 3 Kas. 499;
Johnson v. Burns, 27 Kas. 5; Wachsmith v. Heil, 1 Colo.
App. 196; Fidelity Inv. Co. v. Carico, 1 Colo. App. 292;
A. T. & S. F. Ry. Co. v. Wagner, 33 Kas. 660.

Before testimony of recent possession of stolen property
can be considered against the receiver, there must be tes-
timony tending to prove that some person other than the
receiver previously stole said property. O'Connell v. State,
55 Ga. 296; State v. Pray, 94 Pac. 218.

The verdict was contrary to the law of the case. Swart-
out v. Willingham, 31 Abb. N. Cas. 66; State v. Bulla, 89
Mo. 595; Trail v. State, 57 S. W. 92; Sisk v. State, 42
S. W. 985.

Testimony tending to prove that the defendant com-
mitted another though similar crime, is not admissible as
tending to prove that he is guilty of the crime for which
he is on trial, unless testimony is given tending to show
that the two offenses are involved in and are parts of one
and the same transaction. State v. Myers, 82 Mo. 553;
Regina v. Oddy, 5 Coxe's S. C. 219; Shaffner v. Comm.
72 Penn. St. 60; People v. Corbin, 56 N. Y. 363; Cole-
man v. People, 55 N. Y. 90; State v. Benton, 15 N. H.
174; State v. Lepage, 57 N. H. 245.

Motion for new trial should have been sustained. U. S.
v. DeAmador, 6 N. M. 173; Territory v. Barrett, 8 N. M.
70.

The supreme court in appeals or writs of error shall
examine the record. Chap. 16, sec. 38, laws 1907; Kearny's
Code, 1846, sec. 14, "Courts and Judicial Powers"; Chaves
v. McKnight, 1 N. M. 147.

FRANK W. CLANCY, Attorney General, for Appellees.

The only question in this case is whether the trial court after hearing and considering all the evidence, erred in not withdrawing the case from the jury and instructing it to find appellant not guilty, or after verdict and after ·careful consideration of all the facts and law of the case, in not granting the motion for a new trial. Territory v. West, 14 N. M. 546; U. S. v. Sena, 15 N. M. 202.

### STATEMENT OF FACTS.

Appellant, Richard' C. Graves, was indicted at the May ·term, 1911, of the District Court of Chaves County, for the larceny of a cow and for feloniously receiving and aiding in the concealment of said cow, knowing the same to have been stolen. The indictment is in two counts, the first charging larceny, and the second charging receiving .and aiding in concealment.·

Appellant was arraigned May 8, 1911, and pleaded generally to the indictment "not guilty." Trial was had at the then May term and the jury returned a verdict of "guilty as charged" in the second count of the indictment. The court overruled motions for a new trial and in arrest of judgment, and rendered judgment upon the verdict, ·and defendant prayed this appeal.

The record discloses that the cow, in question, was missed by the owner on January 10, 1911, who tracked her until he lost the trail. It was shown that the cow was seen, with other cattle, for several days at a place known as ·the Berrendo farm; that one of the prosecuting witnesses asked appellant if he knew of anyone who had lost the cow, and that appellant replied that she belonged to the section foreman, that he would get the cow and send the ·owner word or take her to him. It does not appear that the appellant got the cow, but two or three days later, this witness testified, the cow disappeared and several days later the owner brought the cow back by the place. The ·owner testified that he recovrered the cow about March 5. 1911; that he found her in appellant's pasture.

## OPINION OF THE COURT.

HANNA, J.—In the presentation of this case a number of errors are assigned with respect to giving and refusing instructions, and admission of testimony, but as we have concluded to base our opinion upon the merits of the case it will not be necessary to pass upon these assignments of error.

The question of larceny having been eliminated from the case by the verdict of the jury, we will turn our attention to the second count of the indictment upon which the verdict of the jury in this case rests. This count is based upon sec. 1117 of the Compiled Laws of 1897, which is as follows:

"Every person who shall buy, receive or aid in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the Territorial prison or county jail not more than four years nor less than three months, or by fine not exceeding five hundred dollars."

Our attention has been called to similarity of this statute and the Virginia statute, and the further fact that the Supreme Court of Appeals of Virginia, in the case of Hey v. The Commonwealth, 32 Gratt (Va.) 946-951, held that to convict an offender against this statute four things must be proved, viz:

"1. That the goods or other things previously stolen by some other person;

2. That the accused bought or received them from another person, or aided in the concealing of them;

3. That, at the time he so bought or received them, or aided in concealing them, he knew they had been stolen;

4. That he so bought or received them or aided in concealing them, malo animo, or with a dishonest intent."

It has been said that the general rule, subject to a few exceptions, is that to sustain a conviction on this charge, the burden rests upon the prosecution to prove the four distinct elements enumerated above. 10 Encl. of Evd. 665.

Under sec. 1117 the felonious receiving of stolen **2** property, knowing the same to have been stolen, is a substantive offense, and distinct from larceny. Higgins v. People, 135 Ill. 243.

We are also of the opinion that where the evidence shows that the defendant was himself guilty of the theft, **3** there can be no conviction of feloniously receiving the property in question knowing it to have been stolen. State v. Honigg, 78 Mo. 249.

Among the numerous assignments of error we deem it necessary to consider but one, viz: the alleged lack of evidence to support the verdict. We are reluctant to base our opinion, in any case, upon insufficiency of evidence, but in this case there is clearly a total failure of proof as to the essential elements, pointed out in this opinion, necessary to constitute the offense charged in the second count of the indictment in this case.

It would appear from the record that the jury mistook the evidence as establishing that appellant was guilty of receiving, or aiding in the concealment of stolen property, or both; while if any criminal offense is proven, by the evidence, it is that of larceny.

When the appellant took possession of the cow, at the Berrendo place, he was guilty of the crime of larceny, if he committed any crime at all.

For the reasons assigned, the judgment is reversed and the cause remanded.

## SYLLABUS (BY THE COURT).

