## STATE v. MEEKS.

[No. 2289, April 7, 1919.]

### SYLLABUS BY THE COURT.

1. Larceny is a "continuing offense," and, if property is stolen in one county and taken by the thief into another, he is guilty of a new caption and asportation in the latter county.
P. 232

2. It is only when the evidence of ownership of animals depend upon a brand that a certified copy of the recorded brand is necessary to be introduced in evidence.          P. 232

3. A verified motion for a continuance, setting up facts calculated to show prejudice and bias of the regular panel of jurors in attendance upon the court, and which was overruled by the court, presents no facts to this court upon which the action of the district court can be reviewed, in the absence of a showing by way of bill of exceptions of the existence of bias or prejudice on the part of the jurors.          P. 232

Appeal from District Court, Quay County; Leib. Judge.

Charles Meeks was convicted of larceny of live stock, and he appeals. Affirmed and remanded, with directions.

R. A. PRENTICE, of Tucumcari, for appellant.

H. L. PATTON, Atty. Gen., and C. A. HATCH, Asst.
Atty. Gen., for the State.

OPINION OF THE COURT.

PARKER, C. J.  The appellant was tried and con-
victed of the larceny of two head of neat cattle.

[1]  Counsel for appellant asserts that there was no
evidence of the locus of the crime.  The evidence shows
that the appellant resided in Quay county, and that one
of the animals in question was found in his possession in
his corral at his place of residence.  It becomes immate-
rial therefore to discuss from the evidence as to where
the first taking of the animal was perpetrated.  Larceny
is a ''continuing offense,'' and, if the property is stolen
in one county and taken by the thief into another, he is
guilty of a new caption and asportation in the latter
county.  17 R. C. L. tit. ''Larceny,'' § 50.

[2]  Counsel for appellant claims that there is no
evidence of ownership.  His argument proceeds upon
the theory that the only evidence of ownership of cattle
is a certified copy of the record of the brand.  In this
position counsel is plainly in error.  It is only when the
evidence of ownership depends upon a brand that a cer-
tified copy of the recorded brand is necessary to be intro-
duced in evidence.  State v. Analla, 18 N. M. 294, 136
Pac. 600.

[3]  Counsel for appellant complains of the action
of the court in refusing a continuance.  The only man-
ner in which the facts appear upon which the continu-
ance was asked is in the motion for a continuance.  It is
alleged in the motion that, in a previous case against the
same defendant at the same term of court before the reg-
ular panel, the prosecuting witness, who was the prose-
cuting witness in the present case, testified that he had
found the appellant killing a cow belonging to said
prosecuting witness.  It is further set out in the motion
that the court at the same term of court and in the pres-
ence of the regular panel found two of the appellant's
witnesses guilty of contempt for talking to one of the

members of the regular panel and sentenced him to serve
30 days in jail. The conclusion is drawn in the motion
that the regular panel of jurors were necessarily preju-
diced by those facts against the appellant. The motion
is not verified, and the court promptly overruled the
same.

In the condition of the record, we have no way of
knowing anything about the truth of the facts set up in
the motion, and the fact that the motion was overruled by
the district court would rather seem to contradict the
allegations of the motion. There is no transcript of the
examination of the jurors as to their qualifications to sit
in the trial of the case, and the appellant is therefore in
no position to assert that there was any action taken by
the court detrimental to his interests. A case similar in
principle is State v. Balles, 24 N. M. 16, 172 Pac. 196.
In that case we held that alleged prejudicial remarks of
the judge in the presence of the jury could not be con-
sidered unless certified in the bill of exceptions, and we
further held that, in the absence of a showing that the
jurors who sat in the case heard the said remarks, there
was no showing of which the appellant could complain.
Just so in this case there is no showing that any juror
sat in the case who was biased or prejudiced against the
appellant, and he cannot therefore predicate error upon
the refusal of the court to continue the case.

There being no error in the record, the judgment
should be affirmed, and the cause remanded to the dis-
trict court, with instructions to enforce the same; and it
is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.