549 P.2d 636

STATE of New Mexico, Plaintiff-Appellee,

v.

Jerry TAPIA, Defendant-Appellant.

No. 2403.

Court of Appeals of New Mexico.

April 20, 1976.

Charles W. Daniels, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Can the thief, convicted of larceny under § 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6), also be convicted of receiving stolen property by disposing of it in violation of § 40A–16–11, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975)? Under the circumstances of this case we hold that both convictions were proper.

The instructions permitted a guilty verdict on each of the charges. The jury convicted defendant of both charges. Both offenses were petty misdemeanors. The trial court sentenced defendant to confinement in county detention facilities on weekends in January and February, 1976. We assume, but do not decide, that this was an identical sentence for each offense and that the sentences were to be served concurrently. On this assumption, we do not have a problem as to whether defendant was sentenced for each offense. See *State v. Hatley*, 72 N.M. 377, 384 P.2d 252 (1963).

The docketing statement recites that the State's evidence at trial tended to show that defendant took a television set from a residence and sold it to a second-hand store. On this representation we did not consider that there could be a serious question as to the sufficiency of the evidence to sustain a conviction on each of the

charges. We assigned defendant's appeal to the legal calendar to consider whether the person who stole the television set could also be convicted of receiving that same stolen property under the New Mexico statutes.

Defendant contends that prior New Mexico decisions, the history of the statutes, the "obvious" legislative intent, and United States Supreme Court decisions require us to hold that the two convictions cannot stand. We disagree.

### Prior New Mexico Decisions

The prior New Mexico decisions are *Territory v. Graves*, 17 N.M. 241, 125 P. 604 (1912) and *State v. Gleason*, 80 N.M. 382, 456 P.2d 215 (Ct.App.1969). The statute in *Graves* prohibited buying, receiving or aiding in the concealment of stolen property. *Graves* held that "where the evidence shows that the defendant was himself guilty of the theft, there can be no conviction of feloniously receiving the property in question . . . ." The statute in *Gleason* prohibited buying, procuring, receiving or concealing stolen property. *Gleason* is to the effect that the State cannot convict of receiving stolen property and also convict of larceny if the identical property was involved in both convictions.

An issue in *Graves* and *Gleason* was whether under the applicable statute, a defendant could have "received" stolen property if he was the thief. Logic indicates that one does not receive from oneself. Accordingly, we agree with the results in those two cases. However, neither case should be understood to hold that a thief could never be convicted of receiving property that he stole. If the thief steals property, turns that property over to Smith and subsequently receives the property back from Smith, neither case would prohibit a receiving conviction based on receipt of the stolen property from Smith. Compare the dissenting opinion in *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed. 2d 773 (1961).

This case does not involve a thief receiving property that he stole; it involves a thief who disposed of property that he stole. Neither *Graves* nor *Gleason* dealt with the fact situation in this case.

### History of the Statute

We have pointed out the statutory receiving provisions in *Graves* and *Gleason*. Those statutory provisions no longer exist. Section 40A–16–11, supra, was amended by Laws 1972, ch. 77, § 1. Since the 1972 amendment, our receiving statute has prohibited receiving, retaining or disposing of stolen property. The "disposing" provision involved in this case was added to the statute by the 1972 amendment. The Legislature is presumed to have known the law when it added the "disposing" provision and is presumed to have intended to change the law. *Bettini v. City of Las Cruces*, 82 N.M. 633, 485 P.2d 967 (1971); *State v. Cutnose*, 87 N.M. 300, 532 P.2d 889 (Ct.App.1975). Even if prior law prohibited conviction for both offenses, the legislative history supports the view that the law has been changed.

### Legislative Intent

▉▉▉ What did the Legislature intend by the change it enacted in 1972? Legislative intent is determined primarily by the language of the statute; the words used in the statute are to be given their ordinary meaning unless a different intent is clearly indicated. *Winston v. New Mexico State Police Board*, 80 N.M. 310, 454 P.2d 967 (1969). The statutory language is "dispose of stolen property". See § 40A–16–11, supra. The ordinary meaning of this language is to transfer, relinquish or get rid of stolen property. Webster's Third New International Dictionary (1966). The statutory language does not show an intent to exclude the thief from the prohibition against disposing of stolen property.

▉▉▉ We measure this interpretation against two other rules of construction: (1) statutes should be construed according to the purposes for which they were enacted, and (2) we are not to adopt constructions which lead to absurd or unreasonable results. *State v. Trujillo*, 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973).

An obvious purpose of § 40A–16–11, supra, was to inhibit the movement and disposition of stolen property. Our holding that the statute applies to a thief who disposes of stolen property is consistent with that purpose.

■■ A thief who holds on to the stolen property cannot violate the statute by receiving the stolen property because he cannot receive it from himself. This is established by *Territory v. Graves*, supra, and *State v. Gleason*, supra. Nor can the thief violate the statute by retaining the stolen property because larceny is a continuing offense. *State v. Meeks*, 25 N.M. 231, 180 P. 295 (1919). The thief's retention, as opposed to retention by a "fence", is a continuation of his larceny. The thief's disposition, however, is action separate from the larceny. *State v. Mitchell*, 86 N.M. 343, 524 P.2d 206 (Ct.App.1974). It is neither absurd nor unreasonable to hold that the thief violates § 40A–16–11, supra, when he disposes of the property that he stole.

■ Defendant suggests that our holding will raise difficult problems concerning double jeopardy. It does not. *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). *United States Supreme Court Decisions*

The decisions relied on by defendant are concerned with federal statutes and congressional intent in enacting the statutes. Those decisions did not concern themselves with the "disposing" language of the New Mexico statute or with the intent of the New Mexico Legislature in enacting the "disposing" language. The decisions relied on are *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *Milanovich v. United States*, supra; *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). These decisions are not applicable.

Affirmed.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.