797 P.2d 314

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Sharon STEPHENS and Maggie Lang,
Defendants–Appellants.**

No. 12080.

Court of Appeals of New Mexico.

July 17, 1990.

Certiorari Denied Sept. 6, 1990.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

## OPINION

BIVINS, Chief Judge.

This appeal raises the question of whether a person who steals property outside New Mexico and brings the stolen property into this state may be prosecuted, convicted, and punished for larceny in New Mexico. The state appeals the dismissal of the criminal complaint charging defendants with larceny over $2,500, or, in the alterna-

tive, possession of stolen property having a value over $2,500. We reverse the dismissal of the larceny count and affirm dismissal of the alternative count of possession of stolen property.

Although there were proceedings in the magistrate court prior to the filing of the above charges in district court, for the purposes of this appeal we need only refer to the district court proceedings. The alleged larceny took place in Dallas, Texas, and involved an automobile, jewelry, tools, clothing, and other items of personal property. Defendants had the stolen property in their possession when they were arrested in McKinley County, New Mexico. The state charged defendants in one count with larceny and possession of stolen property. The district court granted defendants' motion to dismiss, and the state appealed. *See* NMSA 1978, § 39-3-3(B)(1).

The state raised two issues in its docketing statement:

A. *Is larceny a continuing crime such that when property is stolen in another state, a new caption and asportation occurs in the State of New Mexico upon the defendants [sic] entry into the state while still in possession of the stolen property?*

B. *If larceny is not a continuing crime, may the state prosecute defendants found in possession of stolen property in this state, where the property was originally stolen by the same defendants in another state?* [Emphasis in original.]

In our first and second calendar notices, we proposed summary reversal of the dismissal of the larceny charges and affirmance of dismissal of the possession of stolen property charges. As to the latter charges, we proposed affirmance of dismissal on the basis that one who steals property cannot be convicted of receiving or re-

taining the same property.[1] *See State v. Tapia*, 89 N.M. 221, 549 P.2d 636 (Ct.App. 1976). Neither side opposed our proposed disposition as to the second issue.[2] Thus, to the extent the state may have been able to allege error because the trial court improperly found facts in advance of trial, *see State v. Masters*, 99 N.M. 58, 653 P.2d 889 (Ct.App.1982), it has waived this issue. However, we wish to point out that SCRA 1986, 5-203(A) requires that separate offenses shall be stated in separate counts. Alternative charges may be joined in the same count where the alternative charge is merely a different means of committing the same offense. *See United States v. Abrams*, 543 F.Supp. 1184 (S.D.N.Y.1982); *People v. Viduya*, 703 P.2d 1281 (Colo. 1985). Here the alternative charge did not comply with Rule 5-203(A). With respect to the first issue, defendants have filed memoranda in opposition to the calendar notices, which proposed reversal of the dismissal of the larceny charges. We remain unpersuaded.

In 1912, the Territorial Supreme Court in *Territory v. Harrington*, 17 N.M. 62, 121 P. 613 (1912) held that the district court had jurisdiction in larceny cases, even though the original taking occurred within an Indian reservation, where the cattle were driven from the reservation into the jurisdiction of the district court, so long as the felonious intent continued. The court said,

We are clearly of the opinion that where the original taking of the thing, upon which the charge of larceny is predicated, was at a place without the jurisdiction of the trial court, *but within the state*, and the thing was brought into the county within its jurisdiction, the intent to seal [sic] continuing, the thief carrying away the goods becomes guilty of a complete larceny in every county or locality

1. As worded in the docketing statement, the state apparently does not claim disposition of the stolen property. *Cf. State v. Tapia* (thief violates statute proscribing disposing of property that he has stolen).

2. A calendar notice "is a preliminary and tentative indication of how a panel might resolve the issues on appeal, but it is not more than that." *State v. Gonzales*, 110 N.M. 218, 227, 794 P.2d 361, 370 (Ct.App.1990), *cert. granted*. Further, a calendar notice may propose summary disposition for tactical reasons, in order to elicit more facts, and therefore may not indicate the ultimate disposition of the case. *Id.*

into which he takes them while his intent to steal continues.

*Id.* at 66, 121 P. at 615 (emphasis added). The same principle has been applied where the stolen property was transported from one county to another. The supreme court in *State v. McKinley,* 30 N.M. 54, 227 P. 757 (1924) held that a new and complete larceny is committed in each and all of the counties into which the stolen property is brought. *Accord State v. Meeks,* 25 N.M. 231, 180 P. 295 (1919) (where property is stolen in one county and taken by the thief into another, he is guilty of a new caption and asportation in the latter county).

Defendants attempt to distinguish *Harrington* and its progeny. First, while recognizing that *Harrington* involved two distinct sovereigns, they maintain that the larceny at all times remained within the external boundaries of New Mexico. While the quotation from *Harrington* above does contain the phrase "but within the state," we do not believe that language was necessary to the decision or the rationale on which it is based. *See* Annotation, *Person Who Steals Property in One State Or Country and Brings It into Another as Subject to Prosecution for Larceny in Latter,* 156 A.L.R. 862, 865 (1945).

■ Second, in attempting to distinguish *Harrington,* defendants argue that state larceny laws apply to offenses occurring on an Indian reservation but within the external boundaries of the state, and New Mexico was therefore not applying the penal law of another sovereign in the *Harrington* situation. *See Alexander v. Cook,* 90 N.M. 598, 566 P.2d 846 (Ct.App.1977) (New Mexico law, both civil and criminal, is in force on Indian land located in New Mexico). Defendants argue that because there are two separate sovereigns in the present case, each with their own penal law, New Mexico would effectively be enforcing Texas penal law by prosecuting this larceny in New Mexico. We reject this argument as well. We need not decide if defendants' premise is correct. Assuming New Mexico's larceny laws do apply to offenses occurring on an Indian reservation, that fact would not render *Harrington* inapplicable.

The rationale for *Harrington* and other cases adopting its view is predicated not upon the similarity of the laws, but rather on the idea that the unlawful possession of the thief in the state into which the stolen property is brought constitutes a new caption and asportation—a new deprivation of the owner of his right to his property and its possession. *See State v. Meeks;* Annotation, *supra,* 156 A.L.R. at 866. Thus, New Mexico is not enforcing the penal laws of Texas; it is enforcing its own laws for a crime committed in its jurisdiction. Similarity of laws within a jurisdiction, *i.e.,* counties within a state, has been advanced in early cases as a justification for trying a thief who stole goods in one county and brought them to another. *See* Annotation, *supra,* at 864–65. *See also* NMSA 1978, § 30–1–14 (Repl.Pamp.1984).

We have considered defendants' other arguments and also find them unpersuasive. Defendants claim the larceny statute, NMSA 1978, Section 30–16–1 (Cum.Supp. 1989), is ambiguous and must be construed in favor of lenity. We disagree. The statute provides that larceny consists of the stealing of anything of value which belongs to another. This is not ambiguous. While we recognize that some states have enacted statutes which make the commission of a crime commenced without the state but consummated within the state punishable, *see, e.g., State v. Duffy,* 124 Ariz. 267, 603 P.2d 538 (Ct.App.1979), our case law interprets the common law to accomplish the same purpose. *See Territory v. Harrington; State v. McKinley.*

■ Although not raised by defendants, we note that the uniform jury instructions for larceny, SCRA 1986, 14–1601 and –1603, might be read to conflict with and perhaps overrule *Harrington* and its progeny. Since a party taking stolen property from one jurisdiction to another is guilty of a new caption and asportation in the latter jurisdiction, *see State v. Meeks,* we do not believe the uniform jury instructions either conflict with or overrule prior case law.

For the reasons stated above and in our calendar notices, we reverse the dismissal

of the larceny charge and affirm dismissal of the possession of stolen property charge.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.