The appellant, Aaron Smith, was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18, Ala. Code 1975, and was sentenced, upon application of the Habitual Felony Offender Act, to 20 years' imprisonment.
At trial, Smith testified that he had stolen a leaf blower in Columbus, Georgia, and that he had "pawned" it at a Phenix City, Alabama, pawnshop. He also testified that he was arrested, tried, and convicted of the theft of the leaf blower in Georgia and that he was sentenced to three years' imprisonment in Georgia and that, at the time of his trial, he had been released on parole by the State of Georgia. (R. 65-66.)
Smith claims that the trial court erred in denying his motion for a judgment of acquittal because, he says, he was convicted in Georgia of theft of the same property, i.e., the leaf blower, he was convicted of receiving in Alabama. Specifically, he claims that, under Alabama law, because the evidence that he stole the leaf blower in Georgia was undisputed, he could not be convicted of receiving that stolen property. See, e.g., Poole v. State,651 So.2d 1081, 1084 (Ala.Cr.App. 1994) (undisputed evidence that the defendant stole an automobile in another state precluded defendant's conviction for the offense of receiving stolen property when "stolen property" was the same automobile).
Section 13A-8-16(a), Ala. Code 1975, provides:
 "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
Receiving stolen property in the second degree is defined as "[r]eceiving stolen property . . . [w]hich exceeds $100.00 in value but does not exceed $1000.00 in value." § 13A-8-18(a)(1), Ala. Code 1975.
The state argues that while Alabama caselaw has unequivocally held that a person cannot be convicted of receiving or retaining property that the undisputed evidence shows he stole, see, e.g.,Ex parte Thomas, 445 So.2d 939 (Ala. 1983); Poole, supra, 651 So.2d at 1084; Ogle v. State, 386 So.2d 493 (Ala.Cr.App. 1980); and Nicholson v. State, 369 So.2d 340 (Ala.Cr.App. 1979), none of the cases addressed the scenario in the instant case — where a defendant steals property and thendisposes of it. The state's position is that receiving or retaining property stolen by the defendant is a continuing part of the theft, but that disposing of the property is an action separate from the theft. In support of its position, the state cites State v. Tapia, 89 N.M. 221,549 P.2d 636 (Ct.App. 1976). In that case, the defendant stole a television set from a residence and then sold it to a secondhand store. The defendant was tried for, and convicted of, both larceny and receiving stolen property by disposing of it. Tapia,89 N.M at 221, 549 P.2d at 636. The New Mexico Court of Appeals, affirming the defendant's conviction, noted that the legislature had amended the receiving-stolen-property statute in 1972 to add the "disposing" provision. The court reasoned that by such an amendment, the legislature intended to change the law. *Page 547 89 N.M at 222, 549 P.2d at 637. The court also noted that the purpose of the receiving-stolen-property statute was "to inhibit the movement and disposition of stolen property" and that its holding "that the statute applies to a thief who disposes of stolen property is consistent with that purpose." 89 N.M at 223, 549 P.2d at 638.
 "A thief who holds on to the stolen property cannot violate the statute by receiving the stolen property because he cannot receive it from himself. This is established in Territory v. Graves, [17 N.M. 241, 125 P. 604 (1912)]. Nor can the thief violate the statute by retaining the stolen property because larceny is a continuing offense. State v. Meeks, 25 N.M. 231, 180 P. 295 (1919). The thief's retention, as opposed to retention by a `fence,' is a continuation of his larceny. The thief's disposition, however, is action separate from the larceny. State v. Mitchell, 86 N.M. 343, 524 P.2d 206 (Ct.App. 1974). It is neither absurd nor unreasonable to hold that the thief violates [the receiving stolen property statute] when he disposes of the property he stole."
89 N.M. at 223, 549 P.2d at 638.
During the argument regarding Smith's motion for a judgment of acquittal, the following occurred:
 "The Court: Well, did he dispose of property over here, or was he charged with just receiving it over here?
 "[Prosecutor]: That would be the issue. Again, if he stole it there, and the facts of the State were that he received it here, it could not be. It would completely be logically impossible. However, our position is not that he received it here.
(R. 52.) Smith's trial counsel then quoted extensively fromPoole, supra, to support his argument that Smith could not be convicted under the receiving-stolen-property statute when the evidence was undisputed that he stole the same property he was now charged with receiving. Smith's trial counsel concluded his argument as follows:
 "[Smith's counsel]: And that is what my argument is. They should have charged him with bringing stolen property into the State of Alabama. If you are a participant in a theft, you cannot be prosecuted under the statute he is being prosecuted under now, because that is part and parcel of it.
 "The Court: I'm not sure about the disposition. I don't believe he could be prosecuted if he steals it, that he could be prosecuted for receiving it. I don't believe he could be prosecuted for retaining it. But I think the separate offense because of the word `or' — the term is `or' and not `and.' If the statute, or the indictment read intentionally received, retained and disposed, I would agree with you, but it says `or' disposed. And that is what he is being tried for is disposing of that property. Stealing the property in Georgia is one offense and disposing of it in Alabama is a separate offense. I think the Heath [v. State, 455 So.2d 898 (Ala.Cr.App. 1983),] case would be more on point here.
"Based on that, I am going to deny your motion on that."
(R. 56-58.)
The trial court's ruling is in accord with the holding of the New Mexico Court of Appeals in Tapia. In order to determine whether Smith is correct that there are no exceptions to the Alabama cases that he says stand for the proposition that a defendant who commits a theft can never be convicted under the receiving-stolen-property statute, we must examine the legislative intent behind the enactment of § 13A-8-16, Ala. Code 1975. Based on the stated purpose of the act that brought forth the current Alabama Criminal Code, it is clear that the legislature intended to create new criminal laws.[1] *Page 548 
The Alabama Supreme Court has said that, in construing a statute,
 "`the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.
". . . .
 "`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Blue Cross Blue Shield of Alabama, Inc. v. Nielson,714 So.2d 293, 297 (Ala. 1998). In Nielson, the Supreme Court further stated that when the legislature enacts a new law, it is presumed to know the existing law so that, for example, in the case of § 13A-8-16, if the legislature intended that the three prohibited courses of conduct set out in the statute were to be considered together, it could have used the word "and" instead of "or." Nielson, 714 So.2d at 297.
Furthermore, § 13A-1-6, Ala. Code 1975, states that "[a]ll provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in Section 13A-1-3." Among the purposes of the Criminal Code set out in § 13A-1-3 is "[t]o proscribe conduct that unjustifiably and inexcusably causes or threatens substantial harm to individuals and/or public interests." Certainly, a law prohibiting the disposing of stolen property, even by the person who stole it, fits easily within the stated purpose of the Criminal Code.
We have found no Alabama case in which the precise issue now before us has been addressed. However, applying the rules of statutory construction and considering the purposes of the Criminal Code as well as the plain language of § 13A-8-16, Ala. Code 1975, we hold that, even when the evidence shows that the defendant stole the property he or she is subsequently charged with "receiving,"[2] a conviction for "receiving" that stolen property is not prohibited if the evidence shows that the defendant disposed of the property, as opposed to merely receiving or retaining it. By setting forth the types of proscribed conduct in the alternative with the word "or," a reasonable interpretation of § 13A-8-16 is that receiving stolen property, retaining stolen property, and disposing of stolen property are "separate offenses."
The cases have stated that it is a "logical impossibility" for a person who stole property to also receive that same property, because a person cannot receive property from himself. See Ex parte Howard, 710 So.2d 460, 463-64 (Ala. 1997), and the cases cited therein. See also Scott v. State, 374 So.2d 316, 318
(Ala. 1979) (quoting, in pertinent part, 76 C.J.S. § 14(b), "where one steals goods under such circumstances that the receiving thereof is a part of the theft itself, he cannot be convicted of receiving the stolen goods"). There is nothing logically impossible about a person stealing property and then disposing of that same property because those are separate and distinct courses of conduct. Therefore, we hold that a person who steals property may be convicted of receiving that same stolen property, under § 13A-8-16, Ala. Code 1975, if the evidence shows that he disposed of the property. Consequently, the trial court did not err in *Page 549 
denying Smith's motion for a judgment of acquittal.
The judgment of the trial court is affirmed.
AFFIRMED.
McMillan and Cobb, JJ., concur; Baschab, J., concurs specially with opinion.
[1] See Acts of Alabama 1977, No. 607, p. 812, in which it states that the purpose of the act is "[t]o provide an entirelynew criminal code for the State of Alabama; repealing numerous specific code sections and statutes that conflict herewith as well as all other laws that conflict with this act." (Emphasis added.)
[2] We use the term "receiving" here to mean the general offense proscribed by § 13A-8-16(a) and not one of the three prohibited courses of conduct set out in that statute.