BASCHAB, Judge.
The appellant, Thomas James Hand III, was charged by a complaint with “failpng] to mail or deliver a certificate of title or application therefor to the department within 10 days,” a violation of § 32-8-13(2), Ala.Code 1975. (C.R.5.) Over the appellant’s objection, the Mobile District Court allowed the State, on the day of the trial, to amend the complaint to charge that he had “fail[ed] to mail or deliver a certificate of title or application therefor to the transferee within 10 days.” (C.R.6.) The appellant was convicted in the Mobile District Court of failing to deliver a certificate of title to his transferee with 10 days, a violation of § 32-8-13(3), Ala.Code 1975. He appealed his conviction to the Mobile Circuit Court for a trial de novo, and he was again convicted of failing to deliver a certificate of title to his transferee within 10 days. The circuit court sentenced him to serve a term of 3 months in the county jail. The appellant did not file any post-judgment motions. This appeal followed.
The appellant argues that the circuit court did not have jurisdiction to render a judgment and impose a sentence in his case because the district court erroneously allowed the State to amend the complaint and change the term “department” to “transferee.” Specifically, he contends that the amendment changed the offense with which he was charged.
The original complaint alleged that the appellant
“did within the above named county and on or about 5/29/2000, with knowledge, did ... willfully fail to mail or deliver a certificate of title or application therefor to the department within 10 days as required by law, in violation of 032-008-013 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C.R.5) (emphasis added). The amended complaint alleged that the appellant
“did within the above named count[y] and on or about 5/29/2000 with knowledge, did willfully fail to mail or deliver a certificate of title or application therefor to the transferee within 10 days as required by law, in violation of 032-008- *257 013 against the peace and dignity of the State of Alabama.”
(C.R.6) (emphasis added).
“The court may permit a charge to be amended without the defendant’s consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced.”
Rule 13.5(a), Ala. R.Crim. P. The State contends that the district court properly amended the complaint because § 32-8-13(2) and (3), Ala.Code 1975, provide alternative methods of proving the same offense.
Section 32-8-13, Ala.Code 1975, provides:
“Offenses constituting misdemeanors.
“A person is guilty of a misdemeanor who:
“(1) With fraudulent intent, permits another, not entitled thereto, to use or have possession of a certificate of title;
“(2) Willfully fails to mail or deliver a certificate of title or application therefor to the department within 10 days after time required by this chapter;
“(3) Willfully fails to deliver to his transferee a certificate of title within 10 days after the time required by this chapter; or
“(4) Knowingly and willfully commits a fraud in any application for a title or registration; or
“(5) Willfully violates any other provision of this chapter, except as otherwise provided in this chapter.”
In Smith v. State, 739 So.2d 545 (Ala.Crim.App.1999), we stated:
“The Alabama Supreme Court, has said that, in construing a statute,
“ ‘ “the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained.”
[[Image here]]
“ ‘ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says'. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 297 (Ala.1998). In Nielsen, the Supreme Court further stated that when the legislature enacts a new law, it is presumed to know the existing law so that, for example, in the case of § 13A-8-16, Ala.Code 1975, if the legislature intended that the three prohibited courses of conduct set out in the statute were to be considered together, it could have used the word ‘and’ instead of ‘or.’ Nielsen, 714 So.2d at 297.”
Smith, 739 So.2d at 548 (holding that “[b]y setting forth the types of proscribed conduct in the alternative with the word ‘or,’ a reasonable interpretation of § 13A-8-16 is that receiving stolen property, retaining stolen property, and disposing of stolen property are ‘separate offenses’ ”).
The title of § 32-8-13, Ala.Code 1975, uses the plural terms “offenses ” and “misdemeanors.” Further, the various types of proscribed conduct are separated by the term “or.” When given its natural, plain, and ordinary meaning, the language in § 32-8-13, Ala.Code 1975, clearly creates separate and distinct misdemeanor offenses relating to the use of, registration *258 of, application for, and transfer of certificates of title for automobiles. Because the offenses set forth in § 32-8-13(2) and (3), Ala.Code 1975, are separate offenses, the district court improperly amended the complaint to charge a different offense when it allowed the State to change the term “department” to “transferee.” Therefore, the circuit court did not have jurisdiction to render a judgment and impose a sentence in the appellant’s case. See Hall v. State, 655 So.2d 51 (Ala.Crim.App.1995). Accordingly, we reverse the circuit court’s judgment and remand this case for the circuit court to vacate the appellant’s conviction and sentence for failing to deliver a certificate of title to his transferee.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur; WISE, J., dissents, with opinion.