This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39758**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**CHRISTOPHER F. MCCASLAND,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Border Law Office
Dean E. Border
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Defendant Christopher McCasland was convicted of receiving stolen property (NMSA 1978, § 30-16-11(A) (2006)), on the theory that he unlawfully retained a television he stole from a brewery. Defendant argues on appeal that his conviction must be reversed because the crime of receiving stolen property (by retaining the property) cannot be committed by the person who stole the property. Defendant further argues

the State failed to present sufficient evidence that the television found in his possession was the same television stolen from the brewery. We affirm.

## DISCUSSION

### I. The District Court Did Not Err in Denying Defendant's *Foulenfont* Motion

**{2}** Prior to trial, Defendant moved, pursuant to *State v. Foulenfont*, 1995-NMCA-028, 119 N.M. 788, 895 P.2d 1329, to dismiss the charge against him on the ground that he could not be convicted of receiving stolen property by retaining it when, under the facts alleged by the State, he was the person who stole the property. The district court denied the motion in a written order, and, subsequently, convicted Defendant after a bench trial. Relying on *Territory v. Graves*, 1912-NMSC-027, 17 N.M. 241, 125 P. 604, and *State v. Tapia*, 1976-NMCA-042, 89 N.M. 221, 549 P.2d 636, Defendant challenges the denial of his *Foulenfont* motion by maintaining on appeal that, as a matter of law, one who steals property cannot be convicted of receiving stolen property on the theory he retained that same property. "Whether a district court properly grants or denies a defendant's motion to dismiss under *Foulenfont* presents a question of law that we review de novo." *State v. Penman*, 2022-NMCA-065, ¶ 15, 521 P.3d 96, *cert. granted* (S-1-SC-39487, Oct. 31, 2022).

**{3}** Important to our analysis of Defendant's argument, and the case law pertaining to the same, is the fact that the crime of "receiving stolen property" can occur in multiple manners. "Receiving stolen property" is defined as the "intentional[] . . . receiv[ing], retain[ing] or dispos[ing] of stolen property knowing that it has been stolen or believing it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner." Section 30-16-11(A). Thus, the actus reus of the offense may be satisfied in three ways: by receiving, by retaining, or by disposing of stolen property. *See Sanchez v. State*, 1982-NMSC-012, ¶ 4, 97 N.M. 445, 640 P.2d 1325 (providing that Section 30-16-11 "contemplates that a person may commit 'receiving stolen property' in one of three ways"). As noted, Defendant was charged and convicted under the "retaining" theory of Section 30-16-11.

**{4}** We turn now to *Graves* and *Tapia*—the cases on which Defendant predicated his argument below and on which he relies on appeal. In *Graves*, our Supreme Court held that "where the evidence shows that the defendant was himself guilty of the theft, there can be no conviction of feloniously receiving the property in question knowing it to have been stolen." 1912-NMSC-027, ¶ 9. The Court reached this conclusion because it construed the relevant statute[1] to require that "the goods or other things were previously stolen by some other person." *Id.* ¶ 6. In *Tapia*, the defendant was convicted of

---

[1] The version of the statute construed in *Graves* criminalized the "buy[ing], receiv[ing] or aid[ing] in the concealment of stolen money, goods or property, knowing the same to have been stolen." 1912-NMSC-027, ¶ 5 (internal quotation marks and citation omitted). Notably, it did not criminalize the retention of stolen property. *See id.*

receiving stolen property by disposing of it.[2] 1976-NMCA-042, ¶ 1. While this Court in *Tapia* recognized *Graves* as prohibiting a violation of "the statute by receiving the stolen property because he cannot receive it from himself," *Tapia* affirmed the defendant's conviction for disposing of stolen property because "[t]he thief's disposition . . . is action separate from the larceny." *Id.* ¶ 12. In dictum, *Tapia* discussed the retention provision of the statute, stating, "Nor can the thief violate the statute by retaining the stolen property because larceny is a continuing offense." *Id.*; *see also State v. Sims*, 2010-NMSC-027, ¶ 20, 148 N.M. 330, 236 P.3d 642 (providing that dictum is "not necessary for decision in the case"). It is this statement of dictum on which Defendant's entire argument rests.

**{5}** We conclude that Defendant's argument is foreclosed by *State v. Smith*, 1983-NMCA-077, 100 N.M. 352, 670 P.2d 96, *overruled on other grounds by State v. Watkins*, 2008-NMCA-060, 144 N.M. 66, 183 P.3d 951—a case, unlike *Tapia*, whose holding is directly on point. Like Defendant here, the defendant in *Smith* was convicted of retaining stolen property that he himself had stolen. *See id.* ¶¶ 1-3, 10. In rejecting the same argument Defendant now raises, this Court construed *Tapia* and *Graves* only to mean "that one cannot be convicted of *both* larceny and retaining the same items of stolen property." *Smith*, 1983-NMCA-077, ¶ 11 (emphasis added). In this case, Defendant was not charged with, let alone convicted of, larceny. Under *Smith*, therefore, the district court did not err in denying Defendant's *Foulenfont* motion.[3]

**{6}** Defendant's attempt to avoid the application of *Smith* in his case is not persuasive. Defendant argues only that *Smith* "misapplied the principle of . . . *Graves* . . . in referencing this issue as one of double jeopardy." Even assuming this is true, *Smith* is nonetheless binding precedent, and Defendant fails to advance any reasoned argument why *Smith* should be overruled and the principles of stare decisis should be disregarded. "Stare decisis is the judicial obligation to follow precedent, and it lies at the very core of the judicial process of interpreting and announcing law." *Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 33, 125 N.M. 721, 965 P.2d 305; *see also id.* ("It promotes very important principles in the maintenance of a sound judicial system: (1) stability of the law, (2) fairness in assuring that like cases are treated similarly, and (3) judicial economy." (citations omitted)). Thus, "any departure from precedent demands special justification," in light of the following factors:

> (1) whether the precedent is so unworkable as to be intolerable; (2) whether parties justifiably relied on the precedent so that reversing it would create an undue hardship; (3) whether the principles of law have

---

[2] *Tapia* observed that the "disposing" provision in the receiving stolen property statute was added in 1972. 1976-NMCA-042, ¶ 8.

[3] We note that the relevant jury instruction comports with *Smith*. *See* UJI 14-1650 NMRA use note 2 (providing that the inclusion of the words "by another" when instructing that the property was stolen "must be used for a charge of receiving (acquiring possession of) stolen property [but] must not be used for a charge of either retaining (keeping) stolen property or disposing of stolen property"). "There is a presumption that the instructions adopted by [our Supreme] Court from proposals by standing committees of the Court are correct statements of law." *State v. Johnson*, 2001-NMSC-001, ¶ 15, 130 N.M. 6, 15 P.3d 1233 (alteration, internal quotation marks, and citation omitted).

developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; and (4) whether the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

*Id.* ¶ 34 (alteration, omission, internal quotation marks, and citations omitted).

**{7}** Nowhere in his argument on this issue does Defendant contend that we should overrule *Smith* based on these factors, or any others. Absent such an argument, we decline to consider overruling *Smith* sua sponte. *See State v. Riley*, 2010-NMSC-005, ¶ 41, 147 N.M. 557, 226 P.3d 656 (Chávez, C.J., specially concurring) (cautioning against raising the issue of overturning precedent sua sponte), *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426. Because *Smith* controls and Defendant fails to argue, let alone establish, the special justification necessary for overruling it, we hold the district court did not err in denying Defendant's *Foulenfont* motion.

## II. Sufficient Evidence Supports Defendant's Conviction

**{8}** We next address Defendant's argument that the State failed to prove the television found in Defendant's residence was the same television stolen from the brewery, a fact necessary to establish that Defendant "kept" stolen property. *See* UJI 14-1650(2) (providing that "[t]he defendant . . . kept . . . th[e] property"); § 30-16-11(A) (providing that receiving stolen property can be accomplished by the intentional "retain[ing]" of stolen property). Viewing the evidence consistently with our standard of review, we see no deficiency. *See State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076 (providing that a sufficiency review is a two-step process, requiring "an appellate court to draw every reasonable inference in favor of the [fact-finder]'s verdict and then to evaluate whether the evidence, so viewed, supports the verdict beyond a reasonable doubt" (emphasis omitted)).

**{9}** At trial, the State called Defendant's ex-wife to testify that she and Defendant broke into the brewery in December 2014 and left with two large televisions. The couple used the televisions in their home until they divorced in 2019, after which time, Defendant's ex-wife kept one television and Defendant kept the other in his residence. Defendant's ex-wife testified to the address of Defendant's residence—the same address from which law enforcement recovered a large television in July 2020. Photographs of the television showed a brand name of "Seiki." The owner of the brewery testified that the stolen televisions had never been returned to him, and that the brand name of the televisions was pronounced "say-key." The officer who searched Defendant's residence pronounced the brand name of the television he recovered as "see-key." Viewing the foregoing in the light most favorable to the verdict, a fact-finder reasonably could infer that the television found at Defendant's residence was one of the televisions stolen from the brewery. *See State v. Montoya*, 2015-NMSC-010, ¶ 53, 345 P.3d 1056 (observing that circumstantial evidence may be relied upon to sustain a conviction).

**{10}**    In an attempt to avoid this result, Defendant calls attention to minor inconsistencies in the trial testimony and complains that witnesses, when describing the stolen television, never referred to the photographs of the television taken from his residence. Defendant's approach necessarily fails as it is incumbent on us to disregard all evidence and inferences contrary to the verdict. *See State v. Telles*, 2019-NMCA-039, ¶ 16, 446 P.3d 1194. As our Supreme Court has explained, "[w]e do not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence, and we do not weigh the evidence or substitute our judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *Montoya*, 2015-NMSC-010, ¶ 52 (alterations, internal quotation marks, and citation omitted). Such evidence exists here.

**CONCLUSION**

**{11}**    For the foregoing reasons, we affirm.

**{12}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**